HARRIET P. KENDALL vs. ESTELLE E. LUTHER, ADMINISTRATRIX.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The plaintiff sought to collect a claim for money loaned to her brother, since deceased, from the estate of his widow, pursuant to an alleged oral agreement that if the claim was not pressed against his estate and the widow was allowed the use of all his property for her support during her life, the claim should be paid from her estate. The administratrix of the widow's estate having denied the existence of any such agreement, the plaintiff offered a witness who testified

that as agent for the widow he had made such an arrangement with the plaintiff, and that in accordance therewith he had received and expended $2,500 of her husband's estate for her support. *Held* that the trial court erred in refusing to permit the defendant to ask the witness on cross-examination whether he had any written memorandum or account showing such expenditures, inasmuch as such inquiry, if answered in the negative, might have affected the credibility of the witness and even induced the jury to believe that the agreement relied on by the plaintiff had never in fact been made.

Argued October 28th—decided December 17th, 1909.

ACTION to recover the amount of a claim presented against the intestate estate of which the defendant was administratrix, and disallowed by the latter, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $4,712, and appeal by the defendant. *Error and new trial ordered.*

*Edwin S. Thomas,* for the appellant (defendant).

*William W. Bierce,* for the appellee (plaintiff).

HALL, J. The plaintiff is a sister of James L. Carson, who died intestate May 13th, 1901, upon whose estate one Wilbur E. Davis was administrator. The defendant is the administratrix of the estate of Emma M. Carson, the widow of James L. Carson. Emma M. Carson died in June, 1905, leaving an estate sufficient to pay all claims against it, including the claim of the plaintiff.

The complaint contains these averments:—

"3. At the time of his death said James L. Carson was indebted to the plaintiff for money loaned to him, and interest thereon, in the sum of $4,043.30. 4. Before the expiration of the time limited for presentation of claims against the estate of said James L. Carson, by her agent, Wilbur E. Davis, said Emma M. Carson, the widow of said James L. Carson, entered into an oral contract with

the plaintiff, on or about September 1, 1901, to which said heirs at law of said James L. Carson were parties, whereby said Emma M. Carson agreed that if the plaintiff would not present and enforce against the estate of said James L. Carson any part of said debt, except $240, and permit the balance of said estate remaining after the payment of other debts and expenses of settlement, to be placed at the disposal of said Emma M. Carson or her agent, the income thereof, and, if necessary, the principal to be used for the support of said Emma M. Carson during her life, that the balance due the plaintiff from the estate of said James L. Carson, with interest, should be paid out of the estate of said Emma M. Carson at her death if her estate was sufficient for that purpose, in consideration whereof the plaintiff presented and enforced no part of said claim, except the sum of $240, against the estate of said James L. Carson, and released said estate from all liability for the balance, and all of said estate of said James L. Carson remaining after the payment of other debts and charges of settlement was placed under the control and at the disposal of said Emma M. Carson so that the income and, if necessary, the principal thereof, could be used for the support of said Emma M. Carson during her life. 5. Said Emma M. Carson died on the 20th day of June, 1905, leaving an estate sufficient to pay the expenses of settlement and all legal claims and debts, including the sum of $3,803.30, with interest, due the plaintiff from said estate of Emma M. Carson under the agreement hereinbefore set forth. 6. On November 4, 1905, the plaintiff presented said claim, which, with interest to the date of the death of said Emma M. Carson, amounted to $4,739.83, to the defendant as administratrix of the estate of said Emma M. Carson, and the same was disallowed."

By her answer the defendant denied paragraph 4 of the complaint.

The jury returned a verdict for the plaintiff for $4,712.44.

Of the several reasons of appeal, which need not all be repeated here, we shall consider but one.

Upon the trial said Wilbur E. Davis having testified as a witness in chief, for the plaintiff, that there remained of the estate of James L. Carson for distribution $2,516, which was used for the benefit of Emma M. Carson, both interest and principal, was asked upon cross-examination if he had any account showing that this fund or the income of it was paid for Mrs. Carson's benefit. This question was objected to by the plaintiff, upon what ground does not appear, and was excluded by the court.

This ruling was erroneous. One of the issues expressly raised by the pleadings was whether the agreement was ever made, which is alleged to have been entered into by the plaintiff, with Emma M. Carson, through the latter's agent, Wilbur E. Davis, as set forth in paragraph 4 of the complaint. In support of her claim that such an oral agreement was in fact made as alleged, the plaintiff offered the testimony of the very person who is alleged to have made it in behalf of Emma M. Carson, and who, as the plaintiff claimed, had charge of and used, for the benefit of Emma M. Carson, in accordance with the terms of the claimed agreement, the $2,500 remaining of the estate of James L. Carson. Clearly the defendant had the right to cross-examine this witness as to the correctness of the material statements which he had made upon his direct examination. It seems to us that one of the first questions which a good cross-examiner would naturally have asked, and ought to have asked this witness, was, Have you any account showing such an expenditure of this money as you say you made? A negative answer might well have led the jury to doubt whether his statement that he had so used the money was true, and so whether there even was an agreement entered into between the plaintiff and Emma M. Carson that it should be so used. If the witness

Wallace *v.* New Haven.

had answered the question in the affirmative, the defendant might properly have asked him to produce the account. From the record before us it appears that by the exclusion of this question the defendant was deprived of the opportunity of properly cross-examining this witness. A new trial is ordered upon this ground only.

There is error and a new trial is ordered.

In this opinion the other judges concurred.