## GEORGE LEVINE *vs.* LOUIS MARCUS.

First Judicial District, Hartford, May Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

As a general rule evidence that a defendant is indemnified against any loss that may result from the suit is inadmissible; but where such fact is connected with and forms part of a subject-matter which was opened upon the witness' direct examination, the inquiry as to indemnity may properly be allowed on cross-examination.

Every fact which is a part of the same transaction as the one in issue is deemed to be relevant to the fact in issue, although it may not then be directly in question.

A party has the right upon cross-examination not only to call out any fact which tends to contradict or qualify statements made upon direct examination of the witness, but also anything which tends to rebut or modify any conclusions or inferences from the facts so stated.

Argued May 2d—decided July 27th, 1916.

ACTION by the payee against one of two joint and several indorsers of a promissory note for five hundred dollars, to recover the amount thereof, brought to the Court

of Common Pleas in Hartford County and tried to the jury before *Smith, J.;* verdict and judgment for the plaintiff for $557, and appeal by the defendant. *No error.*

*Saul Berman* and *Moses A. Berman,* for the appellant (defendant).

*James B. Henry,* for the appellee (plaintiff).

RORABACK, J. This is an action brought by the plaintiff, as payee of a promissory note, against Louis Marcus, who, with one Joseph Goldenthal, had indorsed the note in question. The defendant, in his defense, contended that there had been a material alteration in the note after he had indorsed it, and that the note was given for a greater sum than was loaned to the plaintiff, to evade the provisions of a Public Act relating to usury. Public Acts of 1907, p. 838, Chap. 238.

Upon the trial of these issues the defendant, in his own behalf, testified upon his direct examination that the plaintiff first brought suit against Goldenthal, the other indorser, which suit had been withdrawn. The defendant also gave his own version as to the reasons which induced the plaintiff to withdraw that action. He stated that he had an agreement with Levine that if he, the defendant, would keep quiet about the bonus, which he claimed Levine had improperly taken as a part of the consideration of the note, that the plaintiff would force the payment of the obligation from Goldenthal. During the cross-examination of Marcus, the plaintiff's counsel asked him if he did not have a note from Goldenthal to protect him from liability on account of his indorsement of the note which was the subject-matter of this action. To this inquiry the defendant's counsel objected,

because the facts called for by this question were immaterial. The objection was overruled, the question admitted and answered in the affirmative. The record also discloses that the defendant, upon his redirect examination, also testified that Goldenthal refused to pay the note which he had given the defendant, because of the usurious consideration which the plaintiff had obtained for the original note. The defendant now contends that this evidence was irrelevant, immaterial and improper.

As a general rule, evidence tending to show that a party defendant will suffer no loss by reason of the suit, because he has already been indemnified by another, is inadmissible; but there is a clear distinction between such a proposition and the question presented in the present case. It now appears that the defendant, in this case, in his direct examination, had opened up a subject-matter which was connected with and a part of the transaction in controversy. Goldenthal's defense of the note and that of the defendant rested upon the same foundation. They were each contending that they were not liable upon their indorsements because of the same defect in the same written obligation, which they had both indorsed. We think that under these circumstances the inquiry was germane to the direct examination, and that no error was committed by the trial court in allowing the question.

Every fact which is a part of the same transaction as the one in issue is deemed to be relevant to the fact in issue, although it may not then be directly in question. Stephen's Digest of the Law of Evidence, p. 10; *Kendall* v. *Luther*, 82 Conn. 523, 526, 527, 73 Atl. 795. The defendant had the right, on cross-examination, not only to call out any fact which would tend to contradict or qualify any particular fact stated on the plaintiff's

examination-in-chief, but anything which would tend to rebut or modify any conclusion or inference resulting from the facts so stated. *Wilson* v. *Wagar*, 26 Mich. 452, 457; 5 Chamberlayne on Evidence, §§ 3725, 3726.

There is no error.

In this opinion the other judges concurred.