PASQUALE VALENTE, 1ST, *vs.* MARIA CHIEPPO ET AL.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and BANKS, Js.

Allegations as to the legal effect of a written contract, which are not borne out by the writing itself, are demurrable.

Additional pleadings are unnecessary where all the facts relied upon can be proved under a general denial of the allegations of the complaint.

An inchoate right to a mechanic's lien is incidental to the right to exact compensation from the owner of the premises for work done or materials furnished; and therefore an assignment by a building contractor of all moneys to become due under the contract effectually divests him of any inchoate right of lien.

Valente *v.* Chieppo.

The plaintiff contractor testified on his direct examination that he had executed and delivered such an assignment, and had notified the owner of the premises thereof. *Held* that he was in no situation to object to the admission of the assignment in evidence on his cross-examination, on the ground that it had not been pleaded, since the defendants were entitled to the best evidence of the fact to which he himself had testified.

A finding that the owner of the premises "proceeded to complete said contract and building and in fact expended $6,669 more than the contract price" in so doing, is a sufficient finding that the building was completed according to the contract and that the sum stated was expended in its completion.

A building contractor who has abandoned the work is not entitled to credit for the cost of the building material left by him and used by the owner in completing the building; indirectly he receives the benefit of such material in that the cost of the completion of the building is to that extent reduced.

A contractor cannot be charged for delay in completing a building after his employment has been terminated in accordance with the contract.

Argued June 9th—decided August 4th, 1922.

ACTION upon a joint and several bond given in substitution of a mechanic's lien, brought to the Superior Court in New Haven County and referred to a committee who heard the parties and reported the facts; the court, *Wolfe, J.*, overruled a remonstrance to the report and after its acceptance rendered judgment that the defendants recover of the plaintiff $9,861, and from this judgment the plaintiff appealed. *Error in part.*

On July 14th, 1914, plaintiff, as general contractor, and defendant Chieppo as owner, entered into a building contract, Exhibit A, in the usual form, and afterward made additional written agreements, Exhibit B and Exhibit 10; Exhibit B providing for a substitution of one material for another, and Exhibit 10 providing for an additional payment to be made to the contractor upon a condition which was never fulfilled, for an extension of time for completing the building, and in other respects confirming Exhibit A.

Under the terms of these contracts the plaintiff was to be paid $800 when the cellar was done and the first-floor joists laid; $1,000 when the roof was entirely completed and covered with tar and gravel; $1,200 when the plastering was entirely done and ready for trim; $800 when the plumbing fixtures were installed, and a final payment of $10,200 within thirty days after the completion of the work. All payments to be made only on certificates of the architect.

In order to put the plaintiff in funds to proceed with the work, he assigned to the defendant Porto all moneys to become due under Exhibit A, except the first payment, and Porto agreed to advance and did advance to the plaintiff such sums as were necessary in the construction of the building. The defendant Chieppo was notified of the assignment. She gave Porto a mortgage on the premises to secure him for advances made to Valente, and has repaid the same. The first two payments called for by Exhibit A were paid by Chieppo to or for the account of the plaintiff, upon certificates issued by the architect. No other certificate entitling the plaintiff to any other payment was issued.

On April 21st, 1915, the architect, in accordance with Exhibit A, issued to the defendant Chieppo a certificate that the plaintiff had failed and neglected to perform his contract, and that such failure justified the defendant Chieppo in terminating the contract in accordance with its provisions. This she did, and thereafter excluded the plaintiff from the premises, and proceeded to complete the contract and building at the contractor's expense, all in accordance with the contract, at the cost, as audited and certified to by the architect, of $20,669.26.

On June 15th, 1915, the plaintiff filed a certificate of mechanic's lien on the premises for $14,000, and on July 27th, the defendant Chieppo as principal, and the

defendant Porto as surety, gave to the plaintiff the bond in suit to release the lien.

The committee found the above facts and reported that at the time of filing the lien nothing was due from the defendant Chieppo to the plaintiff under Exhibit A, and that there was due from the plaintiff to the defendant Chieppo $6,669.26, representing the additional cost over and above the contract price of $14,000, together with $400 for the plaintiff's failure to complete the building on time.

The Superior Court overruled a remonstrance to the acceptance of the committee's report, and the plaintiff's assignments of error cover a ruling of the court sustaining demurrers to portions of the plaintiff's amended reply to the defendant's second defense, and to portions of the plaintiff's reply to the counterclaim; twenty-four rulings on evidence made by the committee and sustained or held harmless by the court; and eighteen grounds of remonstrance overruled by the court.

*Robert J. Woodruff*, with whom, on the brief, was *James A. Morcaldi*, for the appellant (plaintiff).

*Benjamin Slade*, with whom was *Samuel Platcow*, for the appellees (defendants).

BEACH, J. It will be convenient to consider separately the questions arising out of the complaint, and those arising out of the counterclaim.

The ruling of the court sustaining the demurrers to portions of the reply to the second defense, was correct. The second defense set forth the contracts Exhibits A and B; the plaintiff's neglect and refusal to perform; the certificate of the architect that such neglect justified the owner in terminating the contract; and the notice to the plaintiff that the contract was terminated.

The reply set forth two additional contracts. One of them was properly excluded by the ruling on the demurrer, because wholly irrelevant in point of subject-matter. The other, Exhibit 10, was not excluded by the ruling, but certain allegations as to its legal effect were properly held demurrable because not borne out by the writing itself. It may also be observed that the second defense alleges nothing which was not already admissible under the denials of the first defense, and for that reason both it and the reply were unnecessary.

Turning now to the report and remonstrance, we deem it unnecessary to pursue the assignments of error in detail, for we are of opinion that the finding of the committee must stand, that before the plaintiff's lien was filed he had assigned all moneys then to become due under Exhibit A to Porto, and the assignment had been perfected by notice to Chieppo. It had also been acted on. Porto had advanced money to the plaintiff, and Chieppo had given Porto a mortgage on the premises to secure his advances. The inchoate right to a mechanic's lien is incidental to the right to exact compensation from the owner of the premises for work done or materials furnished; and by the assignment to Porto the plaintiff effectually divested himself of any inchoate right of lien.

That being so, the only material assignment of error is that which challenges the ruling of the committee admitting the original assignment in evidence. The objection is that it was not pleaded, but if that objection were sound, it could not prevail in the face of the finding that the plaintiff himself, on his direct examination, testified to the fact that he had assigned the contract to Porto and that Chieppo had been notified. After that voluntary admission, the defendants were entitled to the best evidence of the fact, and the original assignment was properly admitted during the cross-

examination of the plaintiff. These findings as to the assignment are conclusive. Nevertheless, we have examined the other reasons of appeal so far as pursued on the brief, and find no error.

As to the counterclaim, what has been said of the ruling on the demurrer to the second defense applies to the ruling on the demurrer to the counterclaim, except that the counterclaim and reply were necessary pleadings. The plaintiff's brief is mistaken in saying that paragraph four of the reply was excluded by the ruling.

The grounds of remonstrance to that part of the committee's report which affects the counterclaim are not pursued on the brief, though some of them were referred to on the argument.

The findings that Chieppo "proceeded to complete said contract and building," and that she "in fact expended $6,669.26 more than the contract price of constructing said building in completing the same," are sufficient findings of the fact that the building was completed according to the contract and that the amount found was expended in so completing it. There was no error in refusing to credit the plaintiff with the cost of certain building materials left on the work by the plaintiff and used by the owner in completing the building; indirectly the plaintiff was credited with what it would have cost to replace them with like materials, which the owner must have bought and charged to the plaintiff had she not used them.

There is, we think, one ground of remonstrance that was well taken; namely, that the plaintiff should not be charged for delay in completing the building after his employment had been terminated in accordance with the contract. By electing to terminate the plaintiff's employment the owner discharged him from any further responsibility for the conduct of the work. The sum

of $400 was erroneously charged to the plaintiff on this account.

There is error, and the cause is remanded with instruction to deduct the sum of $400 and interest from the amount of the judgment, and to enter judgment for the defendants for the balance.

In this opinion the other judges concurred.