## JOSEPH SOTTOSANTO *vs.* FRANK LUCAS.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 24th—decided December 18th, 1928.

*Francis J. Summa,* with whom, on the brief, was *Charles R. Summa,* for the appellant (defendant).

*Michael V. Blansfield,* for the appellee (plaintiff).

BANKS, J.   The plaintiff purchased an automobile from the defendant, paying a portion of the purchase price in cash and giving a series of notes for the balance, which were indorsed by the defendant to a third party.   Before these notes were fully paid the car was stolen and the following day was found totally de-

stroyed by fire. The complaint alleged that on the day plaintiff bought the car he paid the defendant $37.50, which was the amount of the premium upon a fire and theft insurance policy upon the car, and that the defendant agreed to take out such a policy for the benefit of the plaintiff but failed to do so, and this action was brought to recover the value of the car at the time it was burned. The plaintiff claimed to have proved that he paid the defendant $37.50 which the latter agreed to devote to the payment of the premium upon a fire and theft insurance policy which he agreed to take out for the protection of his own and the plaintiff's interest in the car, but which he failed to do. The defendant claimed to have proved that the plaintiff did not ask him to purchase fire and theft insurance upon the car and did not advance him any money for that purpose.

The plaintiff offered the evidence of two witnesses, who were managers of automobile agencies in Waterbury, as to the custom and usage in the trade with regard to fire and theft insurance upon a car which was not paid for in full at the time of sale. The evidence was objected to, but was admitted by the court as tending to render more probable the existence of the express agreement to insure, which the plaintiff claimed was made. *Lockwood, Jr., Inc.* v. *Gross & Co., Inc.*, 99 Conn. 296, 122 Atl. 59. The statement of the ruling in the finding leaves something to be desired in the way of an adequate setting as required by our rule. Practice Book, p. 307, §6. However, it fairly appears from the record that this transaction was not a sale by an automobile agency, but a transaction between two individuals, neither of whom was engaged in the business of selling automobiles and neither of whom, so far as appeared, had knowledge of the existence of such a trade usage, and the objection to the admission

of the evidence was based upon this ground. Where the question is whether the parties to a contract shall be presumed to have contracted with a certain trade usage or custom in mind and therefore should be bound by it, no such presumption arises unless the parties knew or ought to have known of the existence of such usage. *Smith* v. *Phipps,* 65 Conn. 302, 308, 32 Atl. 367; 2 Williston on Contracts (1920 Ed.) §661. Here the somewhat different question is presented as to whether the existence in the automobile trade of a usage to take out insurance of this character when a car is sold by an agency upon a part payment plan, renders more probable the plaintiff's claim that the defendant agreed to effect such insurance, in the absence of proof that either of the parties was in the automobile business, or had knowledge of the existence of such a custom in the case of sales by automobile agencies. The statement of the question is sufficient to indicate its answer. Evidence of such a trade custom was, in the absence of proof that the parties knew or should have known of its existence, irrelevant to the issues of this case and its admission was error. That it was harmful error is manifest, since the evidence admitted may well have tipped the scale in favor of the plaintiff's version as to the single contested issue in the case.

The ruling of the court permitting cross-examination of the defendant upon the question of his ownership of the automobile for the purpose of testing his credibility was within its discretion.

Error is predicated upon the charge of the court upon the question of damages because it is claimed that the plaintiff had offered no evidence to show the value of the automobile at the time it was burned. This claim is negatived by the finding that the plaintiff did offer such evidence.

The only claimed errors of the trial court were in

rulings on evidence and in the charge to the jury, and the printing of the evidence was unnecessary and a needless expense. The court should have refused to certify it.

There is error and a new trial is ordered.

In this opinion the other judges concurred.