JAMES S. McCARTHY *vs.* WILLIAM L. TIERNEY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 8th—decided April 25th, 1933.

*Edward K. Nicholson,* for the appellant (plaintiff).

*Lorin W. Willis,* for the appellee (defendant).

HINMAN, J. The substance of the allegations of the complaint is that the plaintiff, at the request of the defendant, advanced to him $60,000, which the defendant represented was necessary to retain attorneys to represent the proponents of the will of the plaintiff's wife (in which the plaintiff, the defendant and another were named as executors) in a contest over the admission of the will to probate, but that all counsel representing the executors and guardians ad litem were paid in full from the estate, and the defendant refuses to return or account for the money so advanced by the plaintiff. Aside from admitting the death of

the testatrix, the will, and its offer for probate, the answer was a general denial. The trial court reached the conclusions that the sum mentioned was paid the defendant for personal services rendered the plaintiff, in accordance with an oral agreement between them, and that the defendant is under no duty to account therefor to the plaintiff and is not indebted to him.

The sole reliance of the plaintiff in his assignments of error as to the conclusions, is upon a claim that they were reached through the use, as substantive evidence, of certain testimony of the plaintiff which was elicited on cross-examination and admitted for the limited purpose of affecting his credibility. The subordinate facts found are abundant to support the conclusions and are not attacked. Moreover, as the evidence is not included in the record before us, we have no means of determining that there was not ample evidence in addition to that to which the plaintiff has reference, to sustain the findings as to personal services rendered by the defendant for the plaintiff and the agreement between them as to compensation therefor.

The only assignments available on the record are those pertaining to rulings on evidence. The findings as to the rulings on cross-examination are not as informative as they should be of the nature and scope of the direct examination upon the subject involved, but it does appear that the plaintiff had testified that he had advanced the sum in issue for the purpose of retaining counsel in support of the admission of the will to probate; also that it had appeared in evidence that, after the death of the decedent, the plaintiff had realized $260,000 from the sale of stocks assigned to him by her shortly before her death. On cross-examination he was asked if there was not some dispute regarding the transfer of these stocks, after his wife's death, and if the defendant did not do considerable

work in order to effect that transfer. These questions were admissible for the limited purpose for which they were claimed and admitted—to test the credibility of the witness. For that purpose it is within the discretion of the court to permit cross-examination of a witness as to facts or circumstances inconsistent with his testimony. *State* v. *Stockford,* 77 Conn. 227, 58 Atl. 769; *Sottosanto* v. *Lucas,* 108 Conn. 521, 523, 143 Atl. 902; *Levine* v. *Marcus,* 90 Conn. 682, 684, 98 Atl. 348; *Kendall* v. *Luther,* 82 Conn. 523, 526, 73 Atl. 795. Even if the answers had been so admitted as to have been available as substantive evidence, we could not hold them harmful, as the reply to the first question does not appear in the record, and that to the second was in the negative. Evidence to the effect that there had been no demand made by the plaintiff on the defendant for repayment, the basis stated by the finding, did not suffice to render admissible, in rebuttal, testimony of the plaintiff as to a conversation, in the absence of the defendant, with the attorneys who represented the executors in the will contest, as to the money that had been paid to them for their services.

Testimony of the defendant enumerating services rendered by him as counsel for the plaintiff was properly admitted. He was entitled to give evidence that the agreement was different from that stated in the complaint, without setting it up in his answer. *Ferrie* v. *Sperry,* 85 Conn. 337, 342, 82 Atl. 577.

There is no error.

In this opinion the other judges concurred.