HARLEY TALBOT *v.* THE WATERBURY HOSPITAL CORPORATION

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 25586
AT WATERBURY

Memorandum filed June 29, 1960

 

*Vincent A. Miller,* of Waterbury, for the plaintiff.

*Day, Berry & Howard,* of Hartford, and *Carmody & Torrance,* of Waterbury, for the defendant.

PASTORE, J. Plaintiff sues for damages for personal injuries and consequent losses suffered when he fell three stories to the ground after passing through the window of a room of the defendant hospital in which he was a patient. The answer of the defendant includes a special defense alleging that plaintiff was a patient in the defendant hospital and setting up charitable immunity as a defense. Plaintiff has demurred to this defense.

One ground of the demurrer is that the special defense lacks an averment that "plaintiff was . . . ever a recipient of charity from the defendant." This fact is within the issues presented. Paragraph 4 of the complaint alleges that plaintiff entered the hospital upon an understanding that he would pay an appropriate sum for the medical service and care. Defendant has denied this. In refuting this allegation, defendant may show that plaintiff, in whole or in part, was the beneficiary of the defendant's charity. A different contract from that alleged may be proven under a general denial. *McCarthy* v. *Tiernan,* 116 Conn. 593, 596. This would require the presentation of evidence. Also, the demurrer of plaintiff admits for the present purpose the allegation of the special defense that plaintiff was a "patient" there. Facts relating to the plaintiff being a recipient of the de-

fendant's charity being admissible under the denial to the complaint, the same need not be specially pleaded. Additional pleadings are not necessary where the facts relied upon can be proved under a general denial of the allegations of the complaint. *Valente* v. *Chieppo,* 97 Conn. 719, 723. Whether the plaintiff was the charitable beneficiary of the defendant depends upon evidence to be offered upon trial. The rule as to the defense of charitable immunity in relation to a patient of a hospital is set forth in the cases following: *Hearns* v. *Waterbury Hospital,* 66 Conn. 98; *Edwards* v. *Grace Hospital Society,* 130 Conn. 568; *Evans* v. *Lawrence & Memorial Associated Hospitals, Inc.,* 133 Conn. 311; *Parowski* v. *Bridgeport Hospital,* 144 Conn. 531; *Martino* v. *Grace-New Haven Community Hospital,* 146 Conn. 735. If any facts provable under the special defense would support the special defense, the demurrer must fail. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 586. This is sufficient reason for overruling the demurrer, but further support in this respect is found in connection with the remaining ground of the demurrer.

This further ground of the demurrer is that a defense of charitable immunity is not applicable to an action on contract. This claim as applied to the present case avails the plaintiff nothing for two reasons. The first reason is that the complaint, although artfully avoiding the use of terms such as negligence and proximate cause, does not succeed in eschewing completely averments of an action of a tortious nature, and further fails to allege an action purely in contract. Among other allegations, it alleges an agreement, for a consideration to be paid, whereby defendant was to furnish "proper and adequate medical service and care," and further that the defendant "in holding itself out . . . to those who enter it as patients . . . and in accepting and

admitting said patients . . . is obligated to give proper and adequate care to protect [them] from harm incidental to and commensurate with the undertaking." These allegations imply the duty of the defendant to exercise due care, a breach of which would spell out negligence.

An action ex delicto can be the outgrowth of a precedent contractual relationship. *Dean* v. *Hershowitz,* 119 Conn. 398, 405–410. In *Hearns* v. *Waterbury Hospital,* 66 Conn. 98, 104, the cause of action was in negligence notwithstanding allegations that there was an agreement that defendant was to treat the plaintiff with care and skill and furnish him with surgical care for the purpose.

Further support of the tortious nature of the action set up in the complaint is found in the damages requested. "The general intention of the law giving damages in an action for the breach of a contract is to put the injured party, so far as it can be done by money, in the same position as he would have been in if the contract had been performed." *Bachman* v. *Fortuna,* 145 Conn. 191, 194. The damages recoverable must be fairly within the contemplation of the parties. *Valente* v. *Affinito,* 118 Conn. 581, 585. "Whenever a person, on legal consideration agrees to do a certain act, . . . [i]f the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing, which he contracted to do . . . ." *Wells* v. *Abernethy,* 5 Conn. 222, 227. In the instant case, plaintiff does not seek to recover the value of the services promised and not rendered, but rather damages for the personal injuries and consequent losses resulting from the failure to perform the alleged adequate and proper medical care and services. Such damages are characteristic of tort actions for personal injuries. See 1 Phillips, Conn. Digest, p. 635, § 11; 7 West's Conn. Digest, p. 57, § 95 et seq.

Also to allege, as the complaint sets forth, that there is an agreement to provide adequate and proper medical care and that plaintiff was injured as a result of the breach of that agreement is tantamount to averring, and indirectly to aver, that under the agreement there was a duty to exercise proper care, which duty was breached, and that as a result the plaintiff was injured. The essentials of a tort action are there.

Thus, if the complaint sets forth an action in contract, it equally sets forth an action of tort. This is particularly true if, apart from any contract, the allegations of paragraphs 3, 4, 5, 7 and 8 of the complaint are noted; they spell out a relationship between the parties as the basis of a duty to exercise the proper care, not based upon contract necessarily. In *Klein* v. *New York Eye & Ear Infirmary, Inc.*, 210 App. Div. 770, it was held that the allegations of breach of contract did not prevent the defendant charitable hospital from pleading its immunity where the plaintiff did not base his claim entirely upon allegations of breach of contract but also alleged negligence. It follows that even though the special defense may not be good to the extent that the allegations of paragraph 2 of the complaint may be considered to set forth corporate negligence, if the special defense may be good as against any action which may be proven under the complaint, it should stand and the demurrer be overruled. *Durant* v. *Grace-New Haven Community Hospital*, 20 Conn. Sup. 19, 21.

There is a second reason why the demurrer should not prevail in connection with its second ground. The rule of charitable immunity as to hospitals in Connecticut is based upon considerations of public policy. *Hearns* v. *Waterbury Hospital*, 66 Conn. 98, 126; *Cohen* v. *General Hospital Society*, 113 Conn. 188, 198; *Boardman* v. *Burlingame*, 123 Conn. 646,

653. It is consonant with logic that a public policy deemed sufficient to uphold the immunity of a charitable corporation under a given set of circumstances should be equally valid whether the substantive right of action in those circumstances be labeled as in contract or in tort. In other jurisdictions, the majority of the opinions which have considered the matter appear to hold for varying reasons that a charitable corporation which is immune from tort liability cannot be made liable to changing the form of the action or the allegations of it from tort to contract, at least upon allegations of fact which may give rise to an action in breach of contract as well as in tort. Note, 25 A.L.R.2d 29, 48–50. It appeals to this court that the majority rule mentioned should apply to the instant case, particularly in view of the public policy rationale underlying the rule of charitable immunity in Connecticut.

Accordingly, the demurrer of plaintiff to the special defense is overruled on both its grounds stated.