HENRY L. STARKEY & OTHERS' APPEAL FROM COMMISSIONERS.

Hartford Dist., May T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

When services have been rendered in pursuance of an agreement between the parties that compensation should be made for them by will, and the party receiving them has died without making the expected compensation, the party rendering the services is entitled to compensation out of the estate of the deceased, as a creditor, for the value of the services.

A woman who had rendered services for many years to *B*, upon such a promise, after his death without making a will presented to the commissioners on his estate a claim for $6,000, in twofold form, one for damages to that amount for his breach of contract, and the other for services to that amount. The commissioners allowed the claim for services, but made no disposition of the claim for damages. On an appeal taken by the heirs at law it was held that the claim for damages came up on the appeal with the others.

On the trial evidence was offered by the claimant that *B* said to her—"I

am getting to be an old man, and you will have me to take care of. I want more to leave you, but what there is is yours." Also that *B* said to another person—"I have an agreement with her that if she outlives me she is to have what I have." Held admissible under the claim for services rendered, as a clear recognition of the fact that services were rendered, of their value to him, and of his obligation in some way to compensate her.

It was no objection to the evidence that it tended to take the case out of the statute of limitations by a parol acknowledgment, nor that it tended to prove a parol agreement to leave her his estate, so long as it was not received for either of those purposes.

Where evidence is received for no specific purpose it is not error to receive it if it is admissible for any purpose.

[Argued May 5th—decided June 1st, 1891.]

APPEAL from the doings of commissioners on the insolvent estate of Asa T. rooks, deceased; taken to the Superior Court in Hartford County, and tried to the jury before *Fenn, J.* Verdict for the appellee, and appeal by the original appellants. The case is fully stated in the opinion.

*H. L. Hotchkiss*, for the appellants.

*F. L. Hungerford*, for the appellee.

CARPENTER, J. Asa T. Brooks died intestate. His estate is in process of settlement as an insolvent estate. Mary J. Powers presented claims against the estate, amounting to over $6,000, which were allowed. His heirs at law appealed to the Superior Court. In that court, under the rule, the appellee filed a statement of the amount and nature of her claim, and of the facts upon which it was based, as follows:—

"Estate of Asa T. Brooks to Mary J. Powers, Dr. To damages for failure of said Asa T. Brooks to perform agreement made by him to leave said Mary J. Powers, by will or otherwise, all the property and estate of which he should die the owner, in consideration of her performing labor and services at his request, being his housekeeper, and keeping and caring for his home from February 1st, 1876, to the time of his death in December, 1889—$6,000.

"To labor and services performed at the request of said

Asa T. Brooks, from February 1st, 1876, to December 13th, 1889, $6,000."

The appellants' counsel moved to erase the first claim of the appellee, for damages for alleged non-performance of agreement, on the ground that the claim, as thus presented, was not allowed by the commissioners, and hence was not brought up by the appeal. The motion to erase was denied. The case was then tried to the jury. A verdict and judgment were rendered for the appellee, but for a less amount than that allowed by the commissioners. The appellants appealed to this court.

The first error assigned is, that the court erred in denying the motion to erase. The ground for the motion, as therein stated, is, "because said claim is not the claim allowed by the commissioners, from which the appellants appealed, said claims having been presented to the commissioners, but not allowed by them." It nowhere appears that that statement is true. On the contrary, the commissioners' report clearly shows that it is not true. No claim is reported as having been disallowed by them. On that ground alone the motion was properly denied.

But more than that, it is evident that the commissioners considered that there was but one claim for $6,000, founded on personal services, and this claim they allowed. Whether it was presented there, as here, in two different forms, we know not. If it was, and it was allowed in one form in preference to the other, it does not follow that the claim itself or any part of it was rejected.

Stating the claim in the Superior Court in two different forms is quite analogous to stating the same cause of action in two different counts, and is allowable for the same reasons.

About two months before Mr. Brooks's death he said to the appellee,—" I am getting to be an old man, and what troubles me the most is, I shall not be able to do much more, and instead of growing stronger I shall grow more feeble. The only thing that troubles me now is, I am getting to be an old man, and you will have me to take care of; I have not

any one else. I want more to leave you. I have not but a little, and what there is here is yours."

To this statement counsel for the appellants objected, as tending by a verbal acknowledgment to take the claim out of the statute of limitations, and also as tending to prove a verbal agreement to leave her his estate. The court, being of the opinion that it was not offered for those purposes, admitted it. Was this evidence properly received?

For what specific purpose it was offered and received does not appear. But if we can see that it was admissible for any purpose, there was no error in receiving it. We are unable to see why it may not have been received for the purpose of proving that the arrangement between the parties was such that the statute of limitations had no application to the case. Be that as it may, his declaration was a clear recognition of her services, that they were valuable to him, and of his obligation in some way to compensate her. On the *quantum meruit* therefore, the declaration was admissible for what it was worth.

For the same reason the testimony of Mrs. Rice that Mr. Brooks said, in substance, that the appellee had done a great deal for him, that he had but little, and " that what little he had he felt as if he ought to give to her," was admissible. And so of the testimony of Dr. Stone that Mr. Brooks said,—" She lives with me and has her board and clothes. I have an understanding with her, an agreement with her, that if she outlives me she is to have what I have got."

We do not think that, because these declarations had a tendency to prove an express contract which the law will not enforce, they should be excluded when offered for the purpose of bringing the case within the range of an implied contract, which the law can enforce. Again, even the contract, although it may not be enforced, may be admissible under the *quantum meruit*, to show the circumstances under which the services were rendered.

We have had some doubts whether the testimony of Mr. Vibberts and Mr. Coats, as to the value of the estate, was

properly received. That seems to be more remote than the other testimony; but perhaps in connection with the testimony of Mrs. Rice it was admissible not as giving a rule of damages, but as having some tendency to show Mr. Brooks's appreciation of her services.

It only remains to consider the objections made to the charge of the court. In the reasons of appeal it is alleged that there were four errors in the charge. In the appellants' brief this assignment of errors seems to have been abandoned, and a general complaint is made that the charge was not calculated to keep the distinction clear between the nature of the claims, the character of the evidence admitted to support each, and the rule for the assessment of damages. To be more specific, it is contended that the evidence should have been restricted to the single issue, what was the value of the appellee's services?—that in instructing the jury how to estimate the value of such services, the court referred them to the evidence of statements as to agreements and understandings relating to leaving an estate by will and the value of such estate; and that evidence adapted to an equitable action for specific performance of a contract seems to have been adopted as the basis for proving the ordinary value of services rendered under expectation of compensation by will.

Technically, perhaps, it would be a sufficient answer to say that these points are not distinctly raised in the reasons of appeal. If however it is claimed that the reasons are broad enough to embrace them, then we say that we have partially answered them in the points already considered. But for a more complete answer we will add that the court seems to have had a clear conception of the nature of the appellee's claim, and distinctly told the jury that " when services are rendered by one person to another in pursuance of a mutual understanding and agreement between the parties that compensation for them should be made by will, and the party receiving the service dies without making the expected compensation, the party rendering the services is entitled to compensation out of the estate of the deceased as a creditor

for the value of such services;" and the evidence was restricted to that single issue. For the jury were told that, "no evidence having been admitted by the court to substantiate the claim of the appellee for damages, that claim should not be considered by the jury." And again: "In estimating what would be a reasonable compensation for such services in the absence of any agreed price therefor, the jury should estimate their value according to what they find to be the usual price paid for such services, without regard to the amount of his estate, or any special benefit he might have derived therefrom," etc.

If the evidence was pertinent to the issue, as tending to prove the services rendered, the circumstances under which they were rendered, and their value, as we think it was, then it was properly referred to, even though it consisted largely of "statements as to agreements and understandings relating to leaving an estate by will, and the value of such estate." Nor does the fact that such evidence, in another and different action, might have been adapted to that action, render the evidence inadmissible or improper for the jury to consider.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.