EDWARD A. HOSKINS ET AL. *vs.* GEORGE A. SAUNDERS, EXECUTOR.

First Judicial District, Hartford, May Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A claim against the estate of a deceased relative for care and services in providing him a home, should be carefully scanned by the court, and can be established only upon clear and satisfactory proof of a

mutual understanding or agreement of the parties that compensation was to be made for such services and care.

Unless the record indicates to the contrary, it will not be presumed that the trial court acted upon a different theory of the law in sustaining a claim of this character.

The claim in the present case was for "providing a home for, and care and support of, *A*, from the decease of her husband until her death, $2,000." *Held* that this was a sufficient general statement of the claim.

The husband died in 1884 and his widow, *A*, in 1904. *Held* that this did not necessarily make the plaintiffs' claim one for $100 per year for twenty years, so that $1,400 would be barred by the statute of limitations, which the defendant pleaded.

In an action on an implied contract for services rendered a deceased relative, evidence is admissible on the part of the plaintiff of an express agreement for such services, to rebut the inference arising from the relationship and urged by the defendant, that the services were to be gratuitous.

Ordinarily the question whether evidence is or is not too remote to affect the issue is one addressed to the discretion of the trial court, whose decision is not reviewable on appeal.

Argued May 7th—decided June 5th, 1907.

ACTION to recover for services and disbursements in providing a home and caring for the defendant's testatrix, brought to and tried by the Superior Court in Hartford County, *Gager*, *J.*; facts found and judgment rendered for the plaintiffs, and appeal by the defendant. *No error.*

*Harrison Hewitt* and *Ward Church*, for the appellant (defendant).

*Theodore M. Maltbie* and *William M. Maltbie*, for the appellees (plaintiffs).

THAYER, J. There appears to have been no question upon the trial in the Superior Court that the services for which the plaintiffs brought this action were in fact rendered for the decedent, the defendant's claim there, as here, being that the evidence was not sufficient, in view of the family relationship existing between the parties (that of stepsons and stepmother), to warrant the finding of a con-

tract to pay for such services. We agree with the counsel for the defendant and with the authorities which they cite, that claims of this character against a decedent's estate should be carefully scanned by the court. They should be established only upon clear and satisfactory proof that the services were rendered under a mutual understanding or agreement of the parties that they would be paid for. If so established the law will enforce them. Nothing in the record indicates that the Superior Court acted upon a different view from this. That court having found that " the decedent engaged the plaintiffs to give her a home, support and care, and promised to pay for the same," and that at their home " the plaintiffs gave the decedent all the support and care which her circumstances and situation required from 1897 until her death, relying upon her promise to pay them for the same,"—the defendant is concluded by such finding. There is no question of law presented for this court to review.

The plaintiffs' claim, as presented against the estate of the decedent, read as follows: " To providing a home for and care and support of Lucy A. Hoskins, from the decease of her husband until her death, $2000." This was a sufficient general statement of the claim to satisfy the law. It gave the executor notice of the amount and nature of the claim, and the dates between which it accrued. The decedent died in December, 1904, her husband in September, 1884. In their complaint the plaintiffs claim to recover only for services rendered subsequent to December, 1897. The court allowed them only for services rendered during the last six years of the decedent's life. The appellant claimed and asked the court to rule that the original claim was for $100 per year for twenty years, and that the statute of limitations, which was pleaded, ran against $1,400 of the claim. But no yearly sum was mentioned in the claim, and it might well be, as the finding shows the fact to have been, that only slight services were rendered during the first fourteen years, the decedent during that time residing in New York, merely storing her furniture with

the plaintiffs. The court, therefore, properly overruled the defendant's claim.

During the trial one of the plaintiffs was asked the following question:—"If, at any time, she [the decedent] had any talk with you about becoming an inmate of your household, state where it was and when it was." The defendant objected to this question, and to any question offered to prove an express contract, upon the ground that the complaint alleges an implied contract. The objection was overruled. It does not appear that the witness answered the question, and so it does not appear that the defendant was harmed by the ruling. But, treating the objection broadly, it was competent for the plaintiffs, in an action on an implied contract for services, to show that there had been an express agreement for the services which they had fully performed, to rebut the presumption which the defendant was urging, arising from the family relationship of the parties, that the services were not to be paid for. *Starkey's Appeal*, 61 Conn. 199, 201, 23 Atl. 1081; *Grant* v. *Grant*, 63 Conn. 530, 543, 29 Atl. 15.

Certain deeds to the plaintiffs and their sisters from their father, Asa Hoskins, executed more than eleven years prior to his death and more than six years prior to his marriage with the decedent, but recorded after his death, were offered in evidence by the defendant and excluded by the court. They were offered " for the purpose of showing just exactly what was the situation at the time when Asa Hoskins died." It is now urged that the fact that the plaintiffs had received a large amount of property from their father prior to his marriage with the decedent would tend to show a moral obligation on their part to support his widow, their stepmother, and thus to show a probability that the services in question were rendered without understanding or expectation that they were to be paid for. If it were to be granted that the deeds were relevant for such purpose, they were so remote that their admission lay within the discretion of the court, and error cannot be predicated upon its action in rejecting them.

Other matters assigned as error in the appeal have not been pursued in the defendant's brief, and are therefore passed without consideration.

There is no error.

In this opinion the other judges concurred.