## MAURICE F. COTTER vs. JOHN COTTER.

Third Judicial District, New Haven, June Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and GAGER, Js.

From the rendition of services and their voluntary acceptance the law will ordinarily imply a promise upon the part of the recipient to pay for them; but where the services are rendered by members of a family, living as one household, to each other, no such implication arises. In order to recover for such services the plaintiff must affirmatively show either an express contract to pay, or that the circumstances under which they were rendered were such as give rise to a reasonable and proper expectation that there would be compensation.

Argued June 3d—decided July 20th, 1909.

ACTION to recover moneys expended for the defendant's support, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Verrenice Munger,* for the appellant (plaintiff).

*Bernard E. Lynch* and *Frederick M. McCarthy,* for the appellee (defendant).

PRENTICE, J. This is an action by a son to recover from his father amounts claimed to have been expended by the former for the support of the latter in his old age, and while the two were living together in the household which the father and his wife, both industrious and saving, had established upon their marriage many years ago, in which the plaintiff and two other boys, still members of it, had grown to maturity and earning capacity, and for the support of which the earnings of all, according to their ability from time to time, had gone into a common fund managed by the mother, now deceased.

The trial court has found the facts of the situation to be such that little credit is thereby reflected upon the plaintiff, and such as to render recovery impossible when they are brought under the application of familiar legal principles. It is found that the defendant never at any time promised to recompense the plaintiff for any contribution which he may have made or should make toward the former's support, and that he had no expectation that he was to be called upon to make such recompense; and the circumstances of the situation, as they are found, are such that no promise to do so can reasonably be implied.

"Ordinarily, where services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where the services are rendered by members of a family, living as one household, to each other, there will be no such implication from the mere rendition and acceptance of the services. In order to recover for the services, the plaintiff must affirmatively show, either that an express contract for the remuneration existed, or that the circumstances under which the services were rendered were such as exhibit a reasonable and proper expectation that there would be compensation. The reason of this exception to the ordinary rule is, that the household family relationship is presumed to abound in reciprocal acts of kindness and good-will, which tend to the mutual comfort and convenience of the members of the family, and are gratuitously performed; and where that relationship appears, the ordinary implication of a promise to pay for services does not arise because the presumption, which supports such implication, is nullified by the presumption that between members of a household services are gratuitously rendered." *Disbrow* v. *Durand*, 54 N. J. L. 343, 345, 24 Atl. 545. For collections of cases to the same general effect, see 29 Cyc. 1620, and 15 Amer. & Eng. Ency. of Law (2d Ed.) 1083–85.

The fundamental purpose of this appeal, however, is to

secure at our hands a different finding in important particulars, and we are asked to make desired corrections in the finding, and then to apply to the situation thus established certain principles of law. An examination of the evidence discloses that the court had ample justification for all the material portions of the facts found. As incidental to the major changes requested, we are asked to add certain details concerning which the finding is silent. These possess no importance in connection with the controlling facts as they are found, and as they must remain.

There is no error.

In this opinion the other judges concurred.