MARY DOWNEY *vs.* ANNIE GUILFOILE, EXECUTRIX.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action against an executrix, the plaintiff, who was the daughter and only heir at law of the defendant's testator, alleged that at her father's request she rendered services and furnished money to him for which he promised that he would not make any will but would die intestate, so that all his property would pass to her as heir. Upon the defendant's motion to make the complaint more specific, the plaintiff stated when the services were rendered and the promise made. The answer was a denial and pleas of the statute of limitations and of payment. From a judgment on a verdict for the plaintiff, the defendant appealed. *Held:*—

1. That while the plaintiff could not recover upon the promise as an enforceable contract, she was only attempting, as she had a right to do, to recover upon a *quantum meruit* for services rendered and money expended; that therefore the promise served no purpose in her case except to overcome the defense of the statute of limitations and the presumption that her care and labor were only the filial services of a daughter for a father rendered without expectation of compensation, and that for such purposes it was admissible though not stated in the claim presented against the estate.

2. That taking the charge to the jury as a whole, including the caution given as to the necessity of careful scrutiny of the evidence concerning the declarations of the testator, it was correct and adequate and fully informed the jury as to the pertinent principles of law and their application to the facts of this case.

A promise not to make a will is no more against public policy than is a promise to make a will.

Since there could be no breach of the testator's promise to pay until his death, no right of action accrued until that time, and the statute of limitations did not, until then, begin to run.

Interest is allowable to the plaintiff as damages for the detention of the amount found to be due her from the time her claim against the estate was disallowed.

Testimony that the testator made the promise and referred to it afterward in a manner which indicated appreciation of its purposes and consequences, and testimony concerning the value of the plaintiff's services and the testator's intelligence, *held* to have been properly admitted.

Argued April 19th—decided June 1st, 1921.

ACTION to recover for services rendered and expenses incurred in the alleged care, support and maintenance of the defendant's testator for many years, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* verdict and judgment for the plaintiff for $7,250, and appeal by the defendant. *No error.*

*Charles S. Hamilton* and *James E. McKnight,* with whom, on the brief, was *James E. Russell,* for the appellant (defendant).

*William E. Thoms* and *Frank P. McEvoy,* for the appellee (plaintiff).

BURPEE, J. The plaintiff is the daughter and only heir at law of the defendant's testator. She alleged in her complaint that at her father's request and on his promise to pay for them she rendered services and furnished money for him, and that in consideration of her services and expenditures her father promised her that he would not make any will, but would die intestate, so that all his property would pass to her as his only heir at law. Upon the defendant's motion to make her complaint more specific, the plaintiff stated when her services were rendered and the promises to her were made.

Without objecting in any way to the form or substance of these statements of the cause of action, the defendant denied them, and, for a special defense, pleaded, first, the statute of limitations, and, second, payment. In her reply the plaintiff in effect denied these defenses. These were the issues which were submitted to the jury upon conflicting evidence. A part of that presented by the defendant was intended to prove her special defenses, and another part, while it did not contradict that the plaintiff had rendered some services to her father and spent some money for his benefit, tended to prove that their value and amount were small, and that they were given and made under an agreement materially different from the one which the plaintiff set up. Out of these contradictions the jury brought a verdict for the plaintiff. We find nothing in the record to indicate that they could not reach that conclusion fairly and reasonably, or that their action was improperly influenced in any way.

The appellant's argument rests on the pretension that the ground of the plaintiff's action was the alleged promise of her father not to make a will, so that she might inherit all his property. The pleadings and the evidence give no support to this pretension. The claim presented against the estate of the defendant's testator was expressly for services rendered and money expended at his request. This is the claim set out in the complaint and admitted by the answer. The complaint adds the statement that the plaintiff rendered these services and expended her money for the testator on his promise to pay for them, and that he did not do so. These allegations, on the defendant's motion, were amplified and made more specific in a manner and fulness with which, as appears in her answer, the defendant was satisfied.

The promise of compensation served no purpose material and important in the plaintiff's case, except to

overcome the defendant's defense of the statute of limitations and the presumption that the plaintiff's care and labor were only the filial services of a daughter for a father, rendered without expectation by either that they would be paid for. The plaintiff did not claim to recover on the promise as an enforceable contract, but upon a *quantum meruit.* This she had the right to do. *Grant* v. *Grant,* 63 Conn. 530, 544, 29 Atl. 15; *Starkey's Appeal,* 61 Conn. 199, 23 Atl. 1081; *Hoskins* v. *Saunders,* 80 Conn. 19, 66 Atl. 785; *Ferguson* v. *Rochford,* 84 Conn. 202, 206, 79 Atl. 177.

The trial court correctly and adequately instructed the jury as follows: "As the case is presented to you, the burden is upon the plaintiff to establish by a fair preponderance of the evidence: first, that she performed the services and expended the money as claimed; second, that the services were rendered and the money expended upon the promise by her father to pay for them, as alleged in the complaint; and third, she must prove, if she is to recover anything, the value of the services rendered and the amount of money expended. . . . Where services are rendered by a daughter for her father, the law supposes, until the contrary is shown, that the services were rendered without expectation of compensation. If you find that Mrs. Downey rendered services for her father without other expectation of reward, in the hope of inheriting the property, the case ends here, for she cannot recover. If, on the other hand, there was an express promise to compensate her by leaving her his property as heir at law, and the services were rendered in consideration of and reliance upon it, and the promise was not fulfilled, the law will not carry out this promise specifically, but will secure to her from the estate the reasonable value of her services. . . . If you find that the plaintiff expended money for her father and rendered services to

Downey *v.* Guilfoile.

him under the agreement claimed by her, and that she has not been paid, then she is entitled to recover in this action the money which you find she so expended, plus the reasonable value of the services which you find she so rendered, but not exceeding in the whole the amount which she was to receive under the agreement; that is, the total amount of Mr. O'Neil's estate. You should deduct from the amount so found due the $500 received by the plaintiff under the will, and allow interest on the balance at six per cent up to the present time."

These directions conform to the principles recognized and stated in the decisions of this court cited above.

The appellant argues in her brief that the alleged promise of the testator not to make a will, so that all of his property would go to the plaintiff after his death, would be void because "against public policy." This claim was not made in the court below, and is not stated as a reason of appeal. Therefore it requires no attention in this court. But it is proper to say that we see no difference in principle or reason between a promise to make compensation for services rendered by means of a positive provision in a will, and a promise to effect such compensation by refraining from the act of making a will. The object and the inducement are the same in either case, and the same reasons and objections can be urged for or against one method as well as the other.

The appellant assigns as error the refusal of the trial court to charge as requested in five requests. In the first and fourth, the court was asked to instruct the jury that their verdict must be for the defendant unless the plaintiff had proved that her services rendered and money expended for the testator were rendered and expended within six years before the testator's death. The law is not so. The bar of the statute of limitations may be removed by a new promise; and in

the circumstances of this case, there could be no breach of the promise to pay until the testator's death, and no right of action accrued until his death. Therefore the statute did not apply until that time. *Hull* v. *Thoms*, 82 Conn. 647, 74 Atl. 925.

The second and third requests are founded on the presumption that the alleged promise of the testator, which was the consideration for her services and expenditures, cannot be considered by the jury for any purpose, because it was not stated in the claim presented by the plaintiff against the estate of the testator. We have already said that this presumption was unfounded, and that the alleged promise could be considered in connection with the statute of limitations and the relationship of the plaintiff and the testator.

The fifth request referred to the evidence concerning the declarations of the testator, and to the necessity of careful scrutiny and caution in considering such evidence. The trial court complied with this request sufficiently and in proper manner.

Other assignments of error are based on certain parts of the charge of the court. We have above quoted these passages, and already stated our opinion that the statements contained in them were correct and adequate. Considered with other parts of the charge, there is no reasonable question that the jury were fully informed concerning the pertinent principles of law and their application to the facts in this case.

The instruction concerning interest was proper. It was allowable as damages for the detention of the amount found to be due to the plaintiff from the time her claim was disallowed. *Clark* v. *Macdermott*, 82 Conn. 572, 574, 74 Atl. 686.

The rulings of the trial court upon the questions put to the plaintiff and her witnesses concerning conversations with the testator about his promise to make

no will, and thus leave all his property to the plaintiff, in view of our opinion already stated, seem manifestly correct. Testimony that the testator made this promise, and referred to it afterward in a manner which indicated appreciation of its purpose and consequences, was admissible. So, too, was testimony about the value of the plaintiff's services, and the testator's intelligence, and any other testimony which might affect the weight of other testimony. We find no harmful error in the rulings of which the appellant complains.

There is no error.

In this opinion the other judges concurred.