## EDWARD E. HOWD ET UX. *vs.* CHARLES E. MACGREGOR, ADMINISTRATOR.

Third Judicial District, New Haven, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A finding made upon conflicting evidence will not be disturbed upon appeal; nor will immaterial facts be added.

The trial court is not bound to dissect requested corrections of the finding, but may reject the entire paragraph if any part of it is objectionable.

The exclusion of evidence, offered by the plaintiff on the question of damages, offers no ground of appeal to this court, where the issues are found for the defendant.

This court cannot disturb the conclusions of the trial court as to the credibility of witnesses.

A claim against the estate of a deceased relative for care and services, should be closely scanned by the court and can be established only upon clear and satisfactory proof of a mutual understanding or agreement of the parties that compensation was to be made for such services and care; and when the existence of such an agreement is made to depend upon alleged statements by the decedent as to the disposition of his estate,

they should be carefully analyzed to determine whether they were not mere expressions of a generous intent.

The existence of an obligation on the part of the decedent to pay the plaintiffs for care and services rendered for many years, was negatived by their own testimony that, after they had left his household, he promised to leave them his estate if they would return to live with him.

Testimony as to the unfriendly relations between the decedent and his brother was properly excluded.

The exclusion of evidence that the decedent had executed an un-delivered deed of certain timber land to the plaintiffs, was not harmful in view of the fact that, thereafter, he had sold the timber and retained the proceeds.

Argued January 28th—decided April 3d, 1925.

ACTION to recover the reasonable value of services alleged to have been rendered by the plaintiffs to the defendant's intestate at his request and in considera-tion of his unfulfilled promise to execute a will in favor of the plaintiffs, brought to and tried by the Superior Court in New Haven County, *Nickerson, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

*Epaphroditus Peck* and *James T. Mather,* for the appellants (plaintiffs).

*Philip Pond,* with whom was *Edwin S. Pickett,* for the appellee (defendant).

MALTBIE, J. The plaintiffs, husband and wife, are seeking to recover from the estate of the former's uncle compensation for services they rendered to him in his lifetime. From 1905 to 1909 they occupied a portion of his house as his tenants and he paid them a small agreed sum every other week for their services to him. Thereafter they moved into the portion of the house occupied by him, lived there with their children until 1920, rent free, and continued to receive a small sum

at stated intervals. They now claim further compensation from his estate, alleging that he promised at his death to secure to them and their children the greater part of his estate. Such a claim would naturally drive them to rely, as in fact in their complaint and largely in their evidence they did rely, upon expressions of the decedent which they say indicated an intent to compensate them at his decease; *Leahy* v. *Chency*, 90 Conn. 611, 615, 98 Atl. 132; and in the light of this situation, any ground to contend that the trial court, in its decision, imposed upon them the burden of proving an express contract, disappears. Its conclusion, that they had failed to prove a right to recover, is amply supported by the subordinate facts it has found. Indeed, it is difficult to see how the plaintiffs have any present standing in court, in view of the finding, not attacked by the appeal, that they were fully paid for what they did. They have, however, so zealously pressed upon our attention their motion to correct the finding in other respects, that we have given it careful consideration.

Largely, the corrections they seek involve a finding that the decedent made to them certain statements indicative of an intent, at his decease, to make compensation to them over and above what he was paying them in his lifetime. In considering testimony as to statements of such a nature, put into the mouth of a decedent, it is necessary to remember that "there is nothing more difficult than for a witness to recollect the exact language used by another;" CHURCH, C. J., in *Williams* v. *Miner*, 18 Conn. 464, 474; that the line of demarcation is shadowy between those expressions of a decedent which are meant and understood merely to denote an intention to give of his bounty, and those which may fairly arouse an expectation of compensation for services rendered, and often a change of a

word or turn of a phrase may alter one into the other; and that in the attempted rehearsal of such statements, even where honesty reigns, one often finds evidence of the warping of self-interest. These are some of the cogent reasons why this court has said that claims such as the one before us must be carefully scanned and found established only upon clear and satisfactory proof that the services were rendered under a mutual understanding or agreement that compensation was to be made. *Hoskins* v. *Saunders,* 80 Conn. 19, 21, 66 Atl. 785. In this case, the burden now upon the plaintiffs is, however, even heavier, for in his memorandum of decision the trial judge states that for other reasons full credit could not be given to their testimony; and certainly even the cold record furnishes a basis upon which that conclusion may rest. The trial court disbelieved the testimony offered to prove the statements attributed to the decedent. One of the chief functions of the trial court is to pass upon the credit to be accorded to witnesses, and its conclusion that they are not to be believed, this court has no power to overrule. *Phœnix Mutual Life Ins. Co.* v. *Opper,* 75 Conn. 295, 298, 53 Atl. 586.

The record is not, however, barren of evidence which offers substantial contradiction to the plaintiffs' testimony. Thus the plaintiff Pauline testified that on one occasion, in speaking of a relatively small amount the decedent was paying to her husband for certain services, the decedent said: "When I'm through with my estate he'll get most of it anyway and that's when he'll have to look for his pay;" and another witness testified that the decedent once said to him: "When he got through that he calculated the homestead to go to" the plaintiff Edward E. Howd; expressions which betoken rather an intention to give than an obligation to pay. So there are inferences to be deduced from the facts which

perhaps have more weight than the spoken testimony; thus, after the plaintiffs had left the decedent's house, as they did some time before his death, and had ceased to render services for about a year and a half, the decedent promised them that, if they would return to care for him again, he would leave to them and their son at his death a substantial portion of his estate, including the homestead already referred to, and in that arrangement they acquiesced; a transaction which certainly might be held irreconcilable with their present claim that they had, by services previously performed, already become entitled to receive at his death the homestead or the greater portion of his estate.

The finding cannot be corrected to incorporate in it the statements which the plaintiffs attribute to the decedent, or, for kindred reasons, other matter, proof of which depends solely upon the testimony of one or both of them. As to most of the other matters sought to be added, the evidence either fails to support the plaintiffs' contentions or is conflicting; or else it is not conceivable that they would have altered the conclusion of the trial court if called specifically to its attention, or would afford here any basis to overrule that conclusion. The finding of a promise by the plaintiffs to return to care for the decedent in March, 1922, seems hardly supported by the evidence, but it is not directly attacked. The inconsistent paragraph of the draft-finding which the plaintiffs ask to have inserted incorporates statements attributed to the decedent which the court might well refuse to find, and it is no part of the duty of the trial court to dissect a paragraph of a draft-finding and cull out isolated portions to which its attention is not particularly called. *Ematrudo* v. *Gordon,* 100 Conn. 163, 123 Atl. 14. The exhibits which the plaintiffs ask to have annexed were but evidence of facts which, so far as they

are material, appear in the finding. The statement in paragraph twenty-four of the finding which attributes the decedent's failure to execute a will prepared by him in 1922 to the fact that the plaintiffs did not return to care for him, represents a reasonable inference which the court was entitled to draw.

The rulings of the court which prevented the plaintiff Edward E. Howd from testifying as to the cost to him of living expenses and carfare while he was working away from home during the years when the plaintiffs were living with the decedent, were immaterial in so far as they might go to the issue of damages, in view of the decision for the defendant, and of little, if any, consequence upon the issue of liability, in view of the unquestioned testimony that he did live away from his home during the week and went back and forth at the week-end. The refusal to permit the plaintiff Pauline M. Howd to testify as to unfriendly relations between the decedent and his brother was not erroneous, for, in view of the admitted facts that the plaintiffs did live with and render services to the decedent and were paid for them, any inference which might be drawn from this evidence would be too remote to justify the raising of a collateral issue. The offered testimony of the same witness that, after the decedent, in 1910, had executed to the plaintiffs a deed of certain land, had shown it to her, but had placed it among his papers, where it was found at his death, timber on the premises described in it was sold and the decedent's half-interest came to $3,000, might well have been admitted; it is impossible, however, to see how its exclusion could have resulted harmfully; upon the issue of damages, as already pointed out, the decision for the defendant made it immaterial; as indicating an appreciation by the decedent of the services they were rendering which went beyond the amount

he was paying them, no harm could result, for this otherwise sufficiently appeared; and any tendency the fact of the execution of the deed to a then valuable piece of land might have to indicate a recognition by the decedent of an obligation to secure to the plaintiffs a considerable portion of his estate at his death, if, indeed, it could have any, was more than offset by his thereafter selling the timber upon the land and taking the proceeds to himself.

There is no error.

In this opinion the other judges concurred.