HARRY T. GALWAY *vs.* DOODY STEEL ERECTING COM-
PANY ET AL.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

When a compensation commissioner reopens his finding and award
for further proceedings, the period of ten days, within which an
appeal to the Superior Court must be taken, dates from his final
disposition of the cause.

At common law, a husband or wife cannot maintain an action against
the other, either upon an express or an implied contract, to
recover for the performance of the mutual marital duty to
render care and services in sickness.

If the care and services rendered by the husband or wife of an in-
jured employee are of such an exceptional nature that they can-
not fairly be said to fall within the scope of the marital duty,
the employer may be obligated, under § 5386 of the General
Statutes, to pay for them, notwithstanding the fact that, as be-
tween the husband and wife, no liability would exist; but if the
care and services are only such as might be reasonably expected
in view of the marital relation, they cannot be made the subject
of an award.

In the present case, the surgeon in charge of an injured employee,
who was confined in a hospital with a fracture of both legs,
advised that he be removed to his home for the purpose of
counteracting a nervous and restless condition which had devel-
oped. As was expected by the surgeon, the employee, who was
confined to his bed and unable to walk from October 8th until
December 25th, needed a very considerable amount of nursing,
care and attention which were in fact performed by his wife and
for which the compensation commissioner ordered an award in
her favor. *Held* that the commissioner erred and that, upon
appeal, the Superior Court properly dismissed the award.

Argued October 6th—decided October 17th, 1925.

APPEAL by the defendant from a finding and award
of the Compensation Commissioner of the fifth district
in favor of the plaintiff, taken to the Superior Court
in Litchfield County and tried to the court, *Booth, J.;*
appeal sustained and judgment rendered for the de-
fendants, from which the plaintiff appealed. *No error.*

The material facts found are these: On September 16th, 1923, claimant suffered an injury arising out of and in the course of his employment, which .injury consisted of a fracture of both legs. He was taken to a hospital, and after about three weeks a nervous and restless condition developed, not conducive to recovery. On October 8th, the surgeon in charge advised that his recovery would be hastened by sending him to his home. This was done, with the knowledge and expectation on the part of the surgeon that the claimant then needed and would need a very considerable amount of nursing, care and attention from his wife. Such nursing, care and attendance as the case demanded were satisfactorily rendered by Mrs. Galway. The finding and exhibits show that both claimant's legs were in casts when he was sent home; that the casts were renewed on October 12th, and finally removed on December 11th, and that claimant was unable to walk until December 25th, when he succeeded in reaching the dinner table on crutches. Mrs. Galway rendered a bill for $220 to the respondent for her services, on the basis of a charge of $20 a week for eleven weeks, and the commissioner ordered that respondent pay her bill for services as part of the necessary surgical and medical care of the claimant. From this part only of the commissioner's award the respondents appealed to the Superior Court on the ground that the commissioner's ruling was not supported by the facts found. The Superior Court gave judgment dismissing the award in favor of Mrs. Galway, and the claimant appeals.

*Frederick M. Peasley,* with whom, on the brief was *Clayton L. Klein,* for the appellant (plaintiff).

*Arthur W. Chambers,* for the appellees (defendants).

BEACH, J.   Two questions are raised by this appeal, the first of which is whether the respondents' appeal to the Superior Court was taken within the time limited by the Workmen's Compensation Act, namely, within ten days from the filing of the commissioner's award in the Superior Court.   The record shows that the original award of the commissioner, which included the award in favor of Mrs. Galway, was filed December 22d, 1924.   In that award the commissioner intimated that a further hearing would be had for the purpose of receiving the sworn testimony of the surgeon in charge and for his cross-examination, on the motion of either party.   A further hearing was had and a "supplemental finding and award" filed February 5th, 1925, in which the award contained in the original finding was "hereby in all respects reaffirmed."   The respondents' appeal to the Superior Court was taken within ten days from the filing of the last-mentioned award.

We are of opinion that the case falls within the equitable principle of the rule stated as follows in *Beard's Appeal,* 64 Conn. 526, 535, 536, 30 Atl. 775: "Where a motion or petition for a rehearing is deemed by the court, to which it is presented, of sufficient importance to be reserved for future argument, and is not disposed of within ten days from the rendition of the original judgment, it would be unreasonable to require the moving party to proceed meanwhile to file a notice of appeal, or an appeal, in ordinary course."   See also *Sanford* v. *Bacon,* 75 Conn. 541, 544, 54 Atl. 204, and *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 Atl. 940.

The second and only other question before us, is whether the facts found justify the commissioner's award to Mrs. Galway, which is based upon § 5386 of the General Statutes, providing that "whenever any fees or expenses are, under the provisions of this chap-

ter, to be paid by the employer or insurer, and not by the employee, the commissioner may make an award directly in favor of the person entitled," etc.

The respondents claim the benefit of the well-settled rule that neither husband nor wife can recover in an action on contract for services rendered to the other in sickness.

Two reasons have been given for this rule: the first, which applies to express as well as to implied contracts, is that it is the legal duty of the husband and wife to attend, nurse and care for the other when either is unable to care for himself. *Foxworthy* v. *Adams*, 136 Ky. 403, 124 S.W. 381; *Bohanan* v. *Maxwell*, 190 Iowa, 1308, 181 N. W. 683. The second reason, applicable only to implied contracts, is that the presumption of a promise to pay, which ordinarily supports such implication, is nullified by the presumption that between members of a household services are gratuitously rendered. *Hoskins* v. *Saunders*, 80 Conn. 19, 66 Atl. 785; *Cotter* v. *Cotter*, 82 Conn. 331, 73 Atl. 903; *Burke* v. *Burke*, 92 Conn. 306, 102 Atl. 590; *Downey* v. *Guilfoile*, 96 Conn. 383, 114 Atl. 73.

Upon principle and authority it seems clear that neither of these reasons can be carried to its full logical conclusion in favor of an employer who is expressly charged by statute with the payment of all fees and expenses for necessary surgical and medical aid of an injured employee. Thus, the employer's obligation to pay expenses may doubtless include expenses incidental to or incurred because of the performance of services rendered by the wife to her injured husband, although the wife might not be able to recover them herself in an action directly against the husband, as in the case when the wife employs and pays an assistant to perform some household service, which she would otherwise perform herself. So where the services of a

professional nurse are required, and the husband or wife being a professional nurse acts in that capacity rather than in the performance of his or her marital duty, the employer may be required to pay for such services, though neither spouse could recover directly against the other on an implied contract. *Stephen* v. *Waterbury Rolling Mill Co.*, 5 Conn. Com. Dec. 229; *Mallette* v. *H. C. Field Co.*, 5 Conn. Com. Dec. 301.

Possibly other exceptional cases may arise where the husband or wife may recover for services in caring for an injured spouse.

On the other hand, it seems unreasonable, in view of the general terms in which the employer's liability is stated, to suppose that the General Assembly intended to require the employer to pay a "fee" for services such as are ordinarily imposed on the wife and husband by the marital relation. Section 5347 requires that the employer shall provide a competent physician or surgeon, "and in addition shall furnish such medical and surgical aid or hospital service as such physician or surgeon shall deem reasonable or necessary." Without intending to be too literal, it may fairly be said that the General Assembly must have contemplated the possibility of a period of convalescence after discharge from the hospital, and has not required the employer ordinarily to pay for home treatment and home care. Honnold (Workmen's Compensation, Vol. 1, p. 720) says: "A claim by a member of the family of the injured employee, not a professional nurse, for remuneration for nursing done for the employee will not be made a charge against the employer or insurance carrier. . . . But, in case of injury requiring hospital treatment, an award will be made for services rendered and appliances furnished to the injured employee by another member of his family in lieu of such treatment and in accordance with the consent and direction

of the physician in charge, especially when the member rendering such services gives up his regular employment, in order to do so."

Applying these general principles to the case before us, it is found that the claimant was transferred from the hospital to his home because the surgeon in charge advised that his recovery would be hastened thereby, and with the knowledge that the claimant would need "a very considerable amount of nursing from his wife." It is improbable that the surgeon would have given this advice had the claimant still needed hospital service, and there is no finding that he needed such service or that he received it, after he came home. His helpless condition doubtless required that Mrs. Galway should be in attendance or within call, but there is nothing in the finding to show that the services rendered were other than those which might reasonably be expected from any affectionate wife who was physically able to give them, or that they were not voluntarily and gratuitously rendered.

We are of opinion that the trial court did not err in giving judgment for the respondents.

There is no error.

In this opinion the other judges concurred.