PATRICK J. ENNIS *vs.* DENNIS J. CLANCY, ADMINISTRATOR.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Where the plaintiff tried his case solely upon the theory that the defendant's intestate had broken her promise to compensate him by testamentary provision for services rendered by him during her lifetime, and the trial court fully and fairly presented this issue to the jury, he was in no position to claim upon appeal that he was also entitled to recover upon the theory of an implied contract to pay the reasonable value of such services, for it is only in the exceptional case that this court will predicate error upon a question of law which was not raised in the court below.

Argued June 10th—decided July 25th 1927.

ACTION to recover the reasonable value of services alleged to have been rendered by the plaintiff to the defendant's intestate, brought to the Superior Court

in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Frank P. McEvoy,* for the appellant (plaintiff).

*Walter E. Monagan* and *John H. Cassidy,* for the appellee (defendant).

WHEELER, C. J.  The motion to set aside the verdict was properly denied.  The plaintiff offered evidence tending to prove the allegations of the complaint, which were that the plaintiff rendered services to the defendant's intestate at her request and upon her promise to pay for the same, and in consideration of such services agreed that she would compensate the plaintiff by provision in her will, and that these services were reasonably worth $10,000.

The complaint may be construed to set up two causes of action.  One based upon facts indicating that the services rendered were such as to give rise to a reasonable and proper expectation that compensation would be made therefor.  *Cotter* v. *Cotter,* 82 Conn. 331, 73 Atl. 903; 13 Corpus Juris, 722.  The other arising out of the unjust infliction of loss upon the plaintiff through the breach by defendant's intestate of her agreement to compensate him for the services rendered by provision in her will.  *Wainwright* v. *Talcott,* 60 Conn. 43, 22 Atl. 484.  The court has found that "The plaintiff presented to the court no requests to charge, and at no time [during the progress of the trial] made claim that the services for which he sought to recover were rendered under circumstances such that, in default of any promise to remember him in her will, the law would imply a promise to pay for them."  The memorandum of decision on motion to set aside the verdict, to which we may refer for an

Ennis *v.* Clancy.

interpretation of this finding, states: "The main ground on which the plaintiff seeks to have this verdict set aside is because he now claims that the complaint is susceptible of the construction that what he seeks to recover is a *quantum meruit* for the breach of an implied contract and this claim must be examined, although to the best of the court's recollection no such claim was made in the argument of the case and there was no evidence which would justify putting any such issue to the jury."

The issue upon which the case was tried and argued to the jury was the only issue upon which the court was required to instruct the jury. The case cannot now be disposed of, as the plaintiff urges in his appeal, upon an issue other than that which was presented to the jury by counsel and upon which the jury were fairly instructed. Claims of law upon appeal are "limited to those made upon the trial of the case in the court below." *Fidelity & Casualty Co.* v. *Palmer,* 91 Conn. 410, 419, 99 Atl. 1052; *Boardman Realty Co.* v. *Carlin,* 82 Conn. 413, 415, 74 Atl. 682. A court will, in some cases, consider an issue not so raised in the trial by counsel, but the case will be exceptional where error may be predicated upon its failure so to do. This is not an example of such an exceptional case.

There is no error.

In this opinion the other judges concurred.