DONALD JACOBS ET AL. *v.* DEWITT E. TALLMADGE.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 14—decided December 14, 1942.

*George E. Beers* and *Edward S. Snyder,* for the appellants (plaintiffs).

*John Keogh, Jr.,* and *Frederick F. Mack,* with whom, on the brief, was *Gerald R. Steinberg,* for the appellee (defendant).

DICKENSON, J. The complaint in the action sets up a claim by the plaintiffs, as accommodation indorsers of a note, against the defendant, the maker of the note, who negotiated it by delivery to the payee and failed to pay it when due, thereby compelling the plaintiffs to do so. The plaintiffs ask judgment for the principal amount of the note with interest. The facts present a quite different situation. These, with such corrections as the plaintiffs are entitled to, are that the plaintiffs as agents of the Penn Mutual Life Insurance Company of Philadelphia exerted "high pressure salesmanship" on the defendant in an attempt to induce him to take a policy of life insurance; that the defendant told the plaintiffs that he did not have the money to pay the premium; that the plaintiffs produced a blank note for the amount of the premium payable in four months to the company as payee and stated to the

defendant that if he signed the note he would have four months in which to pay the premium and that if he did not pay it within that time that would end the matter and the policy would lapse, whereupon the defendant signed the note, gave it to the plaintiffs and received the policy of insurance; that the plaintiffs later without request or knowledge on the defendant's part indorsed the note and sent it to their company; that the defendant failed to pay the premium or note, and one of the plaintiffs paid the note in part and it was returned to them without, so far as the record shows, the payee's indorsement; and that by agreement with the company half of the premium was to go to the plaintiffs.

These facts will not support an action by an accommodation indorser. "An accommodation party is one who has signed the instrument as . . . indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value. . . ." General Statutes, § 4346. An indorsement for accommodation must be before delivery; General Statutes, § 4381; "'indorsement' shall mean an indorsement completed by delivery"; General Statutes, § 4317; *Myrtilles, Inc.* v. *Johnson,* 124 Conn. 177, 181, 199 Atl. 115. The plaintiffs received the note as agents of their company. They personally indorsed it thereafter and there was no negotiation of the note by the defendant after the indorsement.

The plaintiffs make the further claim in their brief that by payment of the note they became the real owners and as owners they were entitled to sue, citing General Statutes, § 4391. If the complaint were broad enough to support such a claim, which seems doubtful, it is not among those appearing in the finding as hav-

ing been made on trial and we do not consider it. *Ennis* v. *Clancy*, 106 Conn. 511, 513, 138 Atl. 432.

There is no error.

In this opinion the other judges concurred.