[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPEAL FROM PROBATE COURT DECREE
The appellant, Mary DeVita, Executrix of the Estate of Frederick C. DeVita, appeals from the action of the Court of Probate, District of North Haven, in issuing an Order and Decree dated February 1, 2001, allowing appellee Teresa Sirico's claim for services rendered to the decedent during his lifetime, in the amount of $25,534.96. This appeal to the Superior Court is brought pursuant to General Statutes § 45a-186
(formerly § 45-288). This court in hearing this appeal does so as a trial de novo of the claim by Teresa Sirico against the Estate of Frederick C. DeVita.
The decedent, Frederick C. DeVita died November 1, 1999 and his estate was entered into probate at the Probate Court, District of North Haven. Teresa Sirico, a friend of the decedent, presented a claim against the Estate in the amount of $32,734.96 for personal and professional services CT Page 3005 rendered to the decedent during his lifetime. The claim was denied by the Estate. Thereafter, a hearing was held before the Judge of Probate, who issued her Order and Decree on February 1, 2001, awarding Sirico the sum of $25,534.96. Thereafter, the Executrix of the Estate appealed to this court from the actions of the Court of Probate. The court finds that the appellant, Executrix Mary B. DeVita, is an aggrieved party and has standing to proceed with this appeal. The decedent's Last Will and Testament, dated September 26, 1990, was admitted to probate on December 6, 1999, and Mary B. DeVita was appointed as Executrix.
On or about April 6, 2000, the appellee, Sirico, filed a claim against the Estate in the amount of $32,734.96 for reimbursement of cash advances made to or for the benefit of the decedent, as well as, for payment for professional real estate services rendered to the decedent during his lifetime. Written notice of disallowance of the claim was given by the appellant Executrix through her attorney, on May 17, 2000. Sirico then petitioned the Probate Court for a hearing to decide the claim, and a hearing was held in the Probate Court, District of North Haven, on November 7, 2000. At the time of the hearing, Sirico orally amended her claim for real estate management fees from a period covering four years, to three years, thereby, reducing her original claim by a total of $7200. The amended claim for services therefore, totaled $25,534.96.
The trial de novo before the Superior Court commenced on December 7, 2001. It was thereafter, continued to January 18, 2002, when the taking of evidence was completed. The case was continued to February 22, 2002 for the filing of legal briefs.
 I
In most civil actions, the plaintiff must prove his case by a fair preponderance of the evidence. "[T]here is a limited range of claims and contentions which the party is required to establish by a more exacting measure of persuasion." McCormick, Evidence (2d Ed.) 340, p. 796; see 9 Wigmore (3d Ed.) 2498, pp. 325-35; Ubysz v. DiPietro, 185 Conn. 47,440 A.2d 830 (1981). In Connecticut, in order to recover on a claim arising out of alleged services rendered to a decedent, the plaintiff must prove his case by "clear and satisfactory proof" Id. 58; Graybillv. Plant, 138 Conn. 397, 400, 85 A.2d 238 (1951); Yarnz v. Dyer,120 Conn. 600, 602, 181 A. 717 (1935); Clark v. Diefendorf, 109 Conn. 507,514, 147 A. 33 (1929); Howd v. MacGregor, 102, Conn. 331, 334, 128 A. 518
(1925). "A claim for compensation for services from an estate of a decedent over and above that already received, should be carefully examined by the trier. It should be established only upon clear and satisfactory proof that the services were rendered under a mutual understanding and agreement, or under circumstances that clearly and CT Page 3006 satisfactorily demonstrated, that they were to be paid for in the manner claimed." Graybill v. Plant, supra, 138 Conn. 400; Bartlett v. Raidart,107 Conn. 691, 696, 142 A.398 (1928); Leahy v. Cheney, 90 Conn. 611,615, 98 A. 132 (1916); Hoskins v. Saunders, 80 Conn. 19, 21, 66A.785 (1907). "The reason for [the] rule is that the living claimant is in a position of great advantage because of the death of the other party to the transaction and some check must be provided against the possibility of imposition and fraud." Perl v. Case, 3 Conn. App. 111, 114, 485 A.2d 1331;Graybill v. Plant supra, 138 Conn. 400.
The legal liability for services is based either upon an express contract to pay for them, or a contract implied in fact from the conduct of the parties, or in quasi-contract because of the inequity of not paying for the services despite the lack of an enforceable contract. Connecticut Probate Practice, William S. Locke and P. Corbin Kohn, Vol. 2 § 509, pp. 571 (1951); see Restatement, 1 Contracts, § 5 and 21; Restatement, Restitution, § 40 and 107; Ennis v. Clancy, 106 Conn. 511,138 A.432; Kearns v. Andree, 107 Conn. 181, 139 A.695 (1928); Bartlettv. Raidart, supra, 107 Conn. 691.
The issue is whether the services were rendered under a mutual understanding or that they would be paid for. All contracts grow out of the intention of the parties. contract to pay for services would arise if the services were rendered under an expectation that they would be paid for and if the deceased either intended to pay for or should have known from the circumstances that payment would be expected." Gillette'sAppeal, 82 Conn. 500, 74 A. 762 (1909); Burke v. Burke, 92 Conn. 306,102 A.590 (1917); Ennis v. Clancy, supra, 106 Conn. 511; Clark v.Diefendorf, supra, 109 Conn. 507.
The court, after hearing the parties, examining their exhibits, reviewing their arguments, and contentions, determines that the appellee, Teresa Sirico, has a valid claim for services against the estate of Frederick C. DeVita. Where a claimant is closely related to the deceased or, if unrelated, was treated as a family member, the presumption is that the services were rendered gratuitously and therefore, were not to be paid for. Hoskins v. Saunders, supra,80 Conn. 19; Craig v. Smith No. CV 93 0448413, superior court, judicial district of Waterbury (Vertefeuille, J.), (April 16, 1996),1996 Ct. Sup. 3232. Where there is no blood relationship between the claimant and the decedent, there is a strong implication that services rendered upon request and accepted voluntarily, are to be paid for. Sanford vWilliamson, 23 Conn. Sup. 61 (1961). Even though the claimant and the decedent had a close friendship and a special bond, the claimant, nevertheless, relying upon representations of the decedent, expected compensation for her services. Zelinsky v. Dugan, No. 100702, superior CT Page 3007 court, judicial district of New London at Norwich, (Austin, J.), (May 12, 1994), 1994 Ct. Sup. 5723. The claimant, Sirico, was not a relative, thus, she did not have to overcome an inference that the services rendered to the decedent were gratuitous. Cotter v. Cotter, 82 Conn. 331,332, 73 A. 903; 2 Locke Kohn, Conn. Probate Practice 509, 510; Perkinsv. Corkey, 147 Conn. 248, 251, 159 A.2d 166 (1960).
The testimony at trial, established that the claimant and the decedent had a long personal and professional friendship. Both were experienced real estate professionals. They were both knowledgeable in selling, renting, owning and managing real estate. At the decedent's request, the claimant, Sirico, managed several rental properties owned by the decedent during his period of illness preceding his death. The appellant, DeVita, presented testimony questioning how well Sirico performed these management services for the decedent, but there is no dispute that Sirico did perform these services for the period of time claimed by Sirico in her amended claim for services. It is also clear from the evidence, exhibits and testimony at trial that the claimant, Sirico, would be reimbursed for her actual out-of-pocket expenses incurred while performing personal services to the decedent.
Regarding the value of the real estate management services performed by the claimant, the claimant is seeking the sum of $24,250. The evidence establishes that the decedent agreed to pay the claimant a flat fee of $2000 together with a rental fee of $650 for property at 549 Orange Street, New Haven. The decedent agreed to pay $200 per month for managing three additional properties at 87-89 Grand Avenue, 548 Chapel Street and 32 Elm Street, all of which were located in New Haven. The claimant performed these services for a period of three years.
The claimant presented testimony from an expert witness who specialized in renting properties in the New Haven area. The witness testified that the requested sum of $200 per month for the claimant's real estate management services was very reasonable, and in fact, was less than the prevailing rate for services in the New Haven area. The court finds that the sum of $200 per month for the services rendered to the decedent for managing 87-89 Grand Avenue, 548 Chapel Street and 32 Elm Street is a reasonable sum for the claimant's services to the decedent. The measure of recovery in claims for services is usually the fair value of quantum meruit. Starkey's Appeal, 61 Conn. 199, 23 A. 1081 (1891), Grant v.Grant, 63 Conn. 530, 29 A. 15 (1893), Hull v. Thoms, 82 Conn. 647,74 A.925 (1910), Downey v. Guilfoile, 96 Conn. 383, 114 A.73 (1921); Kearnsv. Andree, supra, 107 Conn. 181, 139 A.695 (1928); Schmidt v. Schaub,115 Conn. 208, 161 A.98 (1932). "Reasonable price would be that price which similar services `at the time' would cost. The reasonable amount would be what the decedent would have been compelled to pay if he had CT Page 3008 gone out into the open market to secure somebody else." Graybill v.Plant, supra, 138 Conn. 401. The court finds that the claimant should be awarded the sum of $24,250 for real estate management services.
In addition to the claim for real estate management fees, the claimant is also requesting reimbursement for sums advanced for specific purchases made on behalf of the decedent by the claimant Sirico. The court has examined the trial exhibits and evidence and finds that the claimant purchased personal items, food and household items for the decedent totaling $1,284.96. No evidence has been presented by the appellant Executrix or anyone else to show that these expenses were previously reimbursed to the claimant. The court, therefore, awards an additional sum of $1,284.96 to the claimant for these non-reimbursed expenses.
The elements of a contract are present in the facts found — the employment of the claimant at the request of decedent, and the agreements of the claimant and the decedent, logically and reasonably infer that the services were rendered in the expectation of both the claimant and the decedent that they would be paid for. Bartlett v. Raidart, supra, 107, Conn. 691, 696.
Accordingly, the court determines that there is a total sum of $25,534.96 due and (owing to Teresa Sirico from the Estate of Frederick C. DeVita acting by Mary DeVita Executrix, for services rendered by Teresa Sirico to the decedent.
Arnold, J