14  581
49  778

EDWARD L. NIMMO *v.* ROBERT K. WALKER, Executor.

Where one renders services for continuous years to another on his promises to provide in his will for the party rendering such services, and he dies without making such provision, an action may be maintained for the value of the services.

The promises in such a case having reference to the period of the promissor's death, prescription is suspended until that time.

APPEAL from the District Court of the Parish of St. Bernard, *Foulhouze,* J. *I. E. Morse,* for plaintiff and appellant. *Lea & Marr,* for defendant.

BUCHANAN, J. The evidence in this case shows very clearly that the plaintiff

NIMMO
*v.*
WALKER.

was employed by the deceased, *Baker Woodruff*, to attend to his business, from 1846 to 1855 ; and that *Woodruff* never made him any compensation therefor ; but when spoken to on that subject, held out hopes of making him amends in his will. At some times promising, according to the witnesses, to leave plaintiff the greater part of his property ; at others, to leave it to the plaintiff's wife, who was *Woodruff's* neice. These promises proved fallacious, inasmuch as it is admitted in argument that neither plaintiff nor his wife were mentioned in *Woodruff's* will. In addition to the services rendered by plaintiff in attending to the business of *Woodruff*, it is proved that the latter, who was a butcher, lived during a great part of the time in plaintiff's house, and (being in very infirm health) was nursed by plaintiff's wife. The circumstances of this case differ from those of *Rice* and of *Fink*, relied upon by defendant, in the essential particular, that the deceased recognized the right of plaintiff to compensation, and promised to make it at a future time.

These promises had reference to the period of *Woodruff's* death ; and it is but just and proper, to view prescription as suspended until that time.

The acknowledgment of indebtedness for borrowed money, contained in the notarial act of the 7th of March, 1857, is not inconsistent with the claim now urged by plaintiff. That notarial act is a sale of various tracts of land south of Red River, by *Nimmo* to *Woodruff*, amounting in the aggregate to seven hundred and eighteen acres, for the price of two thousand six hundred dollars, amount of borrowed money due by the vendor to the vendee, and to secure the greater part of which, viz, $192 68, the vendor had a mortgage upon these same lands. This contract is represented in argument as a general settlement of accounts between the parties. But it has not that character. It is a settlement of particular items of account between the parties ; and a very advantageous settlement it was for the deceased, unless we are to presume that sugar lands in the Attakapas are worth no more than three dollars and a half per acre.

We have presented to us, in this case, a man who, with his wife, have consumed their youth in the service of a miserly valetudinarian, upon his deceitful promises to provide for them in his will ; he having no forced heirs, and they being among his next of kind. The valuation of these services, by the witnesses, ranges from one thousand to two thousand dollars per annum. We will allow at the rate of twelve hundred dollars per annum for the length of time claimed.

This case presents various features of resemblance with that of *Alexander* v. *Alexander*, 12 An. 590.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and that the plaintiff recover of defendant, in his capacity of testamentary executor of *Baker Woodruff*, deceased, the sum of ten thousand eight hundred dollars, to be paid in course of administration, with costs of both courts.

Re-hearing refused.