LEVEA A. HULL *vs.* WILLIAM E. THOMS ET AL.,
ADMINISTRATORS.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The recital, in a complaint, of events leading up to an alleged agreement which is the real cause of action, may be unnecessary or impertinent, and therefore subject to erasure on motion, but it is not demurrable as an attempt to state a distinct cause of action.

A special or specific assignment should be made of each alleged error which it is intended to pursue on appeal; and therefore an averment in respect to numerous rulings, that "the court erred in admitting the testimony of John Doe, as appears in the finding," is too general and in violation of the statute (§§ 798, 802) and rules of court.

A statement of a decedent for whom services were rendered and from whose estate a recovery is sought, of the amount of his property, may be admissible, if not for the purpose of showing its value, at least as a part of the conversation during which the agreement to pay for such services was made. Furthermore, the admission of such statement cannot harm the estate if the jury are told that the rule of damages is not concerned with the value or amount of the decedent's property.

The statute of limitations does not begin to run until a right of action exists; and, in the very nature of things, there can be no breach of a promise to pay by will for services rendered, until the promisor's death; and therefore until that time the statute of limitations does not apply.

In the absence of an express agreement to pay by will or at some fixed time, a recovery can be had only for such services as were performed within six years next before the decedent's death, unless the bar of the statute has been removed by a payment or new promise.

A defendant has no cause to complain of a charge which imposes greater restrictions upon the plaintiff's right to recover than would have resulted from an instruction which he himself requested.

Parties may make a valid agreement for services to be paid for by will; and if the promised provision is not made, recovery may be had against the decedent's estate for such sum as the services may be worth not exceeding the amount which was to have been paid by will.

If such a contract is within the statute of frauds, a recovery may be had upon a *quantum meruit.*

An oral promise to pay for services by will by one who has no real estate either at the time of making the promise or at his death is not within the statute of frauds.

Argued October 27th, 1909—decided January 4th, 1910.

APPEAL from the disallowance by commissioners of a claim presented by the plaintiff against the estate of Joseph W. Kindregan of Waterbury, deceased, for services, care and attendance, taken to the Superior Court in New Haven County and tried to the jury before *Case, J.;* verdict and judgment for the plaintiff for $10,000, and appeal by the defendants. *No error.*

*William E. Thoms* and *James M. Lynch,* for the appellants (defendants).

*Frank L. McGuire* and *Charles Hadlai Hull,* for the appellant (plaintiff).

THAYER, J.  The plaintiff's statement of claim—construing that presented to the commissioners and that referring to it, which was filed in the Superior Court, to-

gether—is for services rendered to the defendants' decedent during the last nine years of his life, under an express agreement on his part to pay for them by a provision in his will. He died intestate, and the plaintiff's statements set up as grounds of recovery a demand for what the services were reasonably worth, a promise to pay her $10,000 at his decease, and a promise to leave her his entire estate on his decease.

The statement of claim filed in the Superior Court was demurred to on several grounds, and the demurrer was overruled except as to one relating to one of the prayers for relief. The demurrer, so far as any erroneous ruling with respect to it has been claimed in the brief or argument, is a demurrer to paragraphs 4, 5, 6, 7, 8 and 18 of the statement of claim. It treats these as an unsuccessful attempt to state a distinct cause of action. We consider this a mistaken view of the purpose of the paragraphs. They relate to Mrs. Kindregan's estate and will, and to transactions relating thereto between the plaintiff and Mr. Kindregan, and are stated as part of the transactions between the parties leading up to the making of the agreement between them. So considered, the demurrer to them as an insufficient statement of a cause of action was groundless. If the paragraphs were impertinent to the cause of action stated in the other paragraphs of the statement, a motion to expunge was the proper way to reach and eliminate them.

The finding shows that objections and exceptions were taken by the defendants to rulings made with respect to numerous questions asked the plaintiff by her counsel. The only assignment of error relating to these rulings is a general one, that the court erred in admitting the testimony. Such an assignment of error does not comply with the rules and is improper. Each claimed error which it is proposed to pursue on the appeal should be specifically assigned. *State ex rel. Lynch* v. *Whitehouse*, 80 Conn. 111, 123, 67 Atl. 503.

Only two of the rulings have been criticised on the argument. These were the admission of statements made by Mr. and Mrs. Kindregan to the plaintiff as to the amount of their property. These were admissible if not for the purpose of showing the value of the property, at least as parts of the conversation had between the parties at the time the claimed agreements as to the plaintiff's services were made. The court in its charge instructed the jury that the rule of damages did not concern itself with the value of the estate or the size of the expected inheritance. The information as to the amount of the estates, acquired by the jury from the admission of this testimony, could not have harmed the defendants.

The defendants pleaded the statute of limitations, and requested that the jury be instructed as follows: "Nothing can be recovered by the plaintiff in this action for services rendered more than six years prior to May 3, 1907 [the date of Mr. Kindregan's death], unless the value of such services and the obligation to pay for them was recognized by a partial payment for them within six years." This instruction was not given, and the jury were in substance instructed that, as the case had been presented, they need not consider the defense of the statute of limitations; that the plaintiff could only recover by virtue of a definite, express contract to pay at Mr. Kindregan's death; that if there was such a contract to pay by will, the plaintiff's cause of action did not accrue until Mr. Kindregan's death occurred; and that if Mr. Kindregan did not perform his part of the contract, and services were rendered by the plaintiff in consideration of and reliance upon it, while the law would not undertake to carry out the contract specifically, it would secure to the plaintiff from the estate what her services were reasonably worth. The defendants complain of this instruction, and of the refusal to charge as requested.

The plaintiff was claiming on a *quantum meruit* for ser-

Hull *v.* Thoms.

vices performed for the intestate. Her statements of claim were broad enough to permit a recovery if the alleged services were performed under an express contract that they should be paid for by will at Kindregan's death, or under circumstances showing that, although there was no express contract, the parties understood and expected that they were to be paid for. In the absence of an express contract to pay at death, or at some fixed time, the plaintiff could only recover for such services as were performed within the six years next previous to the intestate's death, unless there had been some payment, acknowledgment, or new promise to take the earlier items of the claim out of the statute. In such a case an instruction like that which was requested would be proper. Under the charge given, however, the jury were not required to pass upon such a case. They were told that, as the case had been presented, the plaintiff could only recover in case there was a definite, express contract to pay at Mr. Kindregan's death. As this prevented any recovery if there was no such express contract, it was more favorable to the defendants than the instruction asked for in their request. The jury under that instruction might have found a verdict for the plaintiff for the value of the six years' services. The refusal to charge as requested, in view of the charge given, could have done the defendants no harm.

Under the instructions given, the jury must have found that there was an express agreement that the services should be paid for by will at Kindregan's death. They were told that if they so found they need not consider the defense of the statute of limitations, because in such case the cause of action did not accrue until that event occurred. This removal of the defense of the statute from the jury's consideration is the only matter of complaint as to this part of the charge. It is unnecessary to consider the charge in its other aspects.

It is well settled that there may be a valid agreement for

services to be paid for by will. And when the services have been performed by one party to such a contract, if the other dies without making the promised testamentary provision, a recovery may be had against his estate, by the party who has performed the services, for such a sum as he may deserve by reason thereof, not exceeding the amount which he was to receive by will. When he cannot recover upon the contract by reason of its being within the statute of frauds, he may recover upon a *quantum meruit*. *Grant* v. *Grant*, 63 Conn. 530, 543, 29 Atl. 15. Kindregan, it appears, had no real estate at the time it is claimed that he made the agreement, or at his death. The agreement was not within the statute of frauds. It appears to have been a valid contract. Kindregan had the full period of his life in which to perform his part of it. The plaintiff was bound to perform her part during his life. She had no cause of action either upon the contract or upon a *quantum meruit* for her services until, upon his death, it was found that he had not fulfilled his part of it. Until that time the statute of limitations did not begin to run. *Wittersheim* v. *Carlisle*, 1 H. Bl. 631, 635; *Fenton* v. *Emblers*, 1 W. Bl. 353, 354; *Tuckey* v. *Hawkins*, 4 C. B. 655, 665; *Patterson* v. *Patterson*, 13 John. (N. Y.) 379, 380; *Quackenbush* v. *Ehle*, 5 Barb. (N. Y.) 469, 472; *Nimmo* v. *Walker*, 14 La. Ann. 581, 582; *Stone* v. *Todd*, 49 N. J. L. 274, 282; *Cooper* v. *Colson*, 66 N. J. Eq. 328, 333, 58 Atl. 337. It is because of the laches of the creditor in failing to pursue his remedy that the statute deprives him of the right to pursue it after a prescribed time. But there can be no laches where there is no right of action.

In the brief and argument in behalf of the defendants it is assumed that the claimed contract, if made, was invalid, and that the plaintiff's cause of action, if she had any, for her services arose at once upon their performance. There is nothing in the record to support this assumption. So far as appears, the claimed contract was a valid one, which the parties were mutually bound to perform. If so, the in-

struction as to the time when the cause of action arose was correct, and the statute of limitations afforded no defense to the action.

Numerous other errors are assigned in the appeal, but they have not been pursued in the argument.

There is no error.

In this opinion the other judges concurred.