JOHN VELLECA v. CLARENCE W. BRONSON ET AL., EXECUTORS
(ESTATE OF GUSTAVE R. SATTIG)

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 74870

Memorandum filed March 9, 1951.

*Herbert L. Emanuelson* and *John A. Mele,* of New Haven, for the Plaintiff.

*Charles M. Lyman,* of New Haven, for the Defendants.

KING, J.   The plaintiff duly presented a claim against the estate of Gustave R. Sattig, late of Madison, who died May 14, 1950.   The claim was disallowed by the defendants, who are the executors of the decedent's will, and the plaintiff brings this suit.

The plaintiff's claim, as set forth in paragraph 2 of the complaint, is for services rendered the decedent between September 19, 1922, and June, 1933, in consideration of a promise of the decedent to compensate the plaintiff by will.   Paragraph 3 alleges a failure so to compensate.   Paragraph 4 alleges that the services were of the reasonable value of $12,000.   Since there was no agreement as to what should be given under the will, or that the entire estate should be given, the measure of damages under this express contract would be the fair value of the services rendered.

The defendants answered, denying the essential allegations as to the claim itself and setting up a special defense of the Statute of Limitations in that the cause of action did not arise or accrue within six years preceding the date of the complaint.   The plaintiff has demurred to this special defense on the ground that the complaint states only a cause of action based upon an express contract to compensate by will, and that this express contract could not be barred by the Statute of Limitations because the cause of action upon it could not and did not accrue until the decedent's death, only a few months before this suit was instituted.   In support of his position he has cited *Starkey's Appeal,* 61 Conn. 199, 202, and *Grant* v. *Grant,* 63 Conn. 530, 545. *Hull* v. *Thoms,* 82 Conn. 647, 650, is also directly in point.

The demurrer does not limit its attack on the special defense of the answer to its applicability to the claim based on an express contract. Consequently, if the special defense could be efficacious as to any cause of action provable under the complaint, the demurrer must be overruled. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 588.

The decisive questions, then, are (1) whether the allegations of the complaint are broad enough to permit a recovery on a cause of action other than that of the express contract alleged, and, (2) if so, whether such other cause of action is one to which the Statute of Limitations would, if proven, be an effective defense.

The complaint is broad enough so that the plaintiff might fail to prove that the decedent promised to make compensation by will at his death and still prove that services were rendered at his request under circumstances showing that the parties understood and expected that they were to be paid for. *Hull* v. *Thoms,* supra, 651; *Duvall* v. *Birden,* 124 Conn. 43, 45. In that event the accrual of the cause of action for the fair value of such services would not be postponed until death, but would occur from time to time as the services were rendered. *Hull* v. *Thoms,* supra; *Costello* v. *Costello,* 134 Conn. 536, 540. Under the allegations of the complaint the cause of action on the most recent item of service would have accrued about seventeen years prior to the institution of this action and, indeed, about seventeen years prior to the decedent's death. Obviously, to such a cause of action the defense of the Statute of Limitations would be, on its face, effective.

Whatever might be the liability of a fiduciary for failure to interpose the defense of the Statute of Limitations where applicable, the fact remains that the statutes of limitation do not destroy a cause of action but merely bar the remedy. *Markham* v. *Smith,* 119 Conn. 355, 359. And, consequently, they apply only if properly pleaded. In general this must be done, as was done in this case, by a special defense in an answer. Practice Book § 104. Otherwise there is no orderly way in which a plaintiff can plead in a reply facts, such as absence from the state, which make such a special defense inefficacious in a particular case. General Statutes § 8330; *Clegg* v. *Bishop,* 105 Conn. 564, 568; see also, for example, General Statutes § 7898. It follows that the Statute of Limitations was properly pleaded as a special defense of the answer.

Upon, or even before, a trial, plaintiff's counsel could stipulate that recovery was claimed on the express contract or not at all. In such case the Statute of Limitations would drop out of the case, as in effect occurred in *Hull* v. *Thoms*, supra. But as the pleadings now stand, it cannot be said that the special defense of the Statute of Limitations would be inefficacious as against any cause of action provable under the allegations of the complaint. It therefore follows that the demurrer to the special defense of the answer must be, and is, overruled.