AVERILL RENNIE *v.* JOSEPH T. McCUE

| SUPERIOR COURT | FAIRFIELD COUNTY | FILE NO. 85820 |
| --- | --- | --- |

Memorandum filed April 10, 1952.

*Louis M. Altman,* of Stamford, for the Plaintiff.

*Buckley & Hanna,* of Stamford, for the Defendant.

KING, J. The plaintiff sued for the reasonable value of services rendered the defendant's intestate during his lifetime upon his promise to pay for them out of his estate, by will or other provision.

The defendant, besides what amounted to a general denial, interposed a special defense of the Statute of Limitations, in that the claim involves services rendered more than six years before suit brought.

The plaintiff demurred to the special defense on the basic ground, variously stated, that the cause of action alleged in the complaint would not accrue until the intestate's death. This is correct whether the agreement was to compensate by will or by other provision effective after death. *Hull* v. *Thoms,* 82 Conn. 647, 652; *Downey* v. *Guilfoile,* 96 Conn. 383, 385; *Foley* v. *Estate of Coggins,* 121 Conn. 97, 100.

However, the plaintiff might well succeed in proving the rendition of the services, even to the full extent claimed in the complaint, and yet fail to prove the express promise to pay after death which is needed to avoid the bar of the Statute of Limitations. If this occurred, the statute (in the absence of any matters tolling the statute which, if they exist, the plaintiff would have to allege in a reply to the special defense) would be a good defense. Consequently, it cannot be said that the special defense might not be effective.

A demurrer to a special defense cannot be sustained if it would be efficacious against any matters provable under the allegations of the complaint. *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 345.

The demurrer is overruled.