## Harry Durant *v.* Grace-New Haven Community Hospital

Superior Court          New Haven County          File No. 81814

Memorandum filed October 25, 1955.

*Charles M. Lyman,* of New Haven, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendant.

King, J. This is an action claiming damages for injuries suffered by the plaintiff, while a patient in the defendant's hospital, as a result of a fall sustained while the plaintiff was attempting to get out of his hospital bed to go to the bathroom. The bed is claimed to have been known by the defendant to have been defective in that the wheels would not lock. Negligence is not alleged in the complaint and it is somewhat difficult to ascertain, with any degree of certainty, what cause of action the draftsman of the complaint had in mind. In the demurrer he states that the complaint alleges (1) a cause of action in corporate negligence for failure to provide proper facilities, and (2) a cause of action for breach of an implied contract to provide such proper facilities. While it would probably have been better had the defendant attempted to secure sufficient amplifica-

tion of the language of the complaint to make clear the precise causes of action alleged, this course was not pursued. Instead, an answer was filed denying the basic allegations of fault on the defendant's part and containing a special defense that "at all times described in the complaint, the plaintiff was a patient in the defendant hospital which is and was a charitable corporation without capital stock, whose members derive no profit from its operations."

It is to this special defense that the plaintiff's demurrer is interposed. The special defense appropriately alleges the so-called defense of charitable immunity. This is an efficacious defense to an action by a patient against a charitable hospital based on the negligence of its servants or agents when due care was used in their selection. It is not, however, an efficacious defense to corporate negligence, that is negligence on the part of the governing body of the hospital, whether such corporate negligence consists in a failure to use due care in the selection of employees or in any other respect such as a failure to make proper administrative rules. *Haliburton* v. *General Hospital Society,* 133 Conn. 61, 64; *Evans* v. *Lawrence & Memorial Associated Hospitals, Inc.,* 133 Conn. 311, 315.

The complaint alleges that the bed "was known to the defendant to be defective in that the wheels would not lock." But this defendant was a corporation, and as such could act only through the instrumentality of human beings. In such a situation agency need not be pleaded, and the allegation of the defendant's knowledge of the defect would cover knowledge on the part of any employee acting within the course and scope of his or her authority. Practice Book § 114. Thus the complaint is broad enough to include so-called "personal negligence" on the part of employees. *Tocchetti* v. *Johnson Memorial Hospital,* 130 Conn. 623, 627.

The grounds of the demurrer are twofold. The first ground is that the complaint states a cause of action in corporate negligence and the second ground is that the complaint states a cause of action for breach of an implied contract. Even assuming, as claimed by the plaintiff, that the special defense would be inefficacious against either of these two causes of action, it still remains that the allegations of the complaint are broad enough to permit proof of personal negligence on the part of the defendant's agents and employees. To this the special defense would be efficacious. The demurrer does not limit its attack on the special defense. See Practice Book, Form No. 259 (3d form). If a special defense upon which, as a whole, an unlimited attack is made by a demurrer can be efficacious as to any cause of action provable under the allegations of the complaint, the demurrer must be overruled. *Velleca* v. *Bronson,* 17 Conn. Sup. 220, 222; *Rennie* v. *McCue,* 18 Conn. Sup. 132, 133.

It follows that under the present state of the pleadings, for the foregoing reasons, the demurrer must be, as it is, overruled.