MARLIN ROCKWELL EMPLOYEES CREDIT UNION
*v.* EDWARD BROWN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 17-6512-3728

Argued March 7—decided April 1, 1966

*Kalmen London,* of New Britain, for the appellant (plaintiff).

PER CURIAM. In this action the plaintiff sought recovery of a balance due on a promissory note. The defendant did not enter an appearance and was otherwise unrepresented both in the trial court and in this court. In its memorandum of decision the court found that the note was executed on March 7, 1956, and was in default on November 7, 1956. It thereupon rendered judgment for the defendant, stating that the Statute of Limitations was clearly self evident on the pleadings and that it could not in equity close its eyes to the facts alleged. A motion by the plaintiff to open the judgment was denied.

The plaintiff has appealed, assigning error in the rendering of a judgment for the defendant and in the denial of its motion to open. While a question arose as to whether the note was under seal, the only real question argued before this court was whether the trial court could on its own motion render a judgment for a nonappearing defendant for the reason that it appeared on the face of the complaint that the period of limitation had run, so that the action was barred. Section 52-576 of the General Statutes provides in part that no action shall be brought upon any contract in writing not under seal but within six years after the right of action accrues. Under our practice, however, the Statute of Limitations must be specially pleaded. Practice Book § 120; *Jakiela* v. *Ellison,* 114 Conn. 731, 732. The Statute of Limitations does not destroy the debt but merely bars the remedy. *Mark-*

*ham* v. *Smith,* 119 Conn. 355, 359. Consequently, it applies only when properly pleaded, "[o]therwise there is no orderly way in which a plaintiff can plead in a reply facts, such as absence from the state, which make such a special defense inefficacious in a particular case." *Velleca* v. *Bronson,* 17 Conn. Sup. 220, 222; see *Dillon* v. *Millot,* 17 Conn. Sup. 1, 2. Such a statute, if available as a defense, must be pleaded, and if a party fails to plead it he is deemed to have waived it and the plaintiff may recover notwithstanding the period has run. 34 Am. Jur., Limitation of Actions, §§ 428, 430, and cases cited. The trial court was in error in interposing the Statute of Limitations as a defense on its own motion.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff in accordance with its motion.

PRUYN, DEARINGTON and LEVINE, Js., participated in this decision.