[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this multi-vehicle accident, the named defendant was the last of four automobiles in a line of traffic that was traveling north on Courtland Avenue in Stamford. The plaintiffs complaint alleges that the plaintiff-operator was stopped at a traffic light and that the defendant "crashed heavily into the vehicle immediately in from of it (`the Mathoda vehicle') thereby causing Mathoda vehicle to crash heavily into the vehicle immediately in front of it (`the Wright vehicle') thereby causing the Wright vehicle to crash heavily into the vehicle operated by the plaintiff."
On August 3, 1993, the defendants moved to cite in Wright and Mathoda as additional party defendants pursuant to 52-102 of the General Statutes, alleging that the jury should be allowed to consider the percentage of negligence attributable to them pursuant to 52-572h. The defendants attach a proposed order that follows P.B. form 106.4 and thus seek to have the plaintiffs amend their complaint to state a cause of action against Wright and Mathoda. In fact, they attach to their motion a proposed amended complaint which they seek to have signed by the plaintiffs' attorney. The CT Page 8891 third, fourth, fifth and sixth counts allege causes of action against Wright and Mathoda.
The plaintiff opposes the motion on the grounds that there is no enforceable cause of action against Wright and Mathoda because the accident occurred on August 1, 1991 and therefore is barred by section 52-584, the two year statute of limitations. As an additional grounds the plaintiff argues that the running of the statute of limitation against Wright and Mathoda makes them immune from liability within the meaning of the proviso contained in 102.
There is a split of authority on this court as to whether a person against whom a negligence claim is time barred ought to be made a party defendant for the sole purpose of enabling the trier of fact to apportion negligence between and among those who were actually responsible and to avoid attributing to an individual defendant more than his proportionate share of the negligence. The decisions that deny such a practice seem to base their denial on the belief than to do so would have the effect of excluding the statute of limitations as a defense in a tort reform case and would unfairly require the added defendant to undertake the cost of defense when the claim against him was obviously time barred. Belanger v. Maynard, 6 Conn. L. Rptr. 19, 553 (June 25, 1992, Berger, J.); Zollner v. Hamilton, 8 CSCR, 447 (May 10, 1993, Stanley, J.); Lovely v. Simon Ford, Inc., CV 510027, New London, J.D. (April 24, 1992, Hurley, J.).
Most of the decisions, however, hold that it is proper for time barred persons to be made party defendants so that the legislative intent of 52-572h that a defendant should only be responsible for his proportion of the damages can be carried out. George v. Royer, 5 Conn. L. Rptr. 11, 301 (December 30, 1991, Pickett, J.); Baker v. Franco, 7 Conn. L. Rptr. 21, 622 (December 21, 1992, Fuller, J.). There are several different rationales for this position. In McKeever v. Papcun, 4 Conn. L. Rptr. 303 (July 19, 1991, Jones, J.) the court ruled that time barred persons were impliedly released within the meaning of the "settled or released" clause of 52-572h(d). In Kennedy v. Martinez,7 Conn. L. Rptr. 12, 354 (October 12, 1954, Rush, J.) the court held that the applicable statute of limitations (52-584) bars only an "action to recover damages" whereas the defendant in that case "did not seek any monetary damages against [the time barred person] but merely asserted a claim for an assessment of the proportionate share of recoverable damages". Accord, Krynisky v. Dietker, 8 CSCR 387
CT Page 8892 (April 19, 1993, Rush, J.).
This court's analysis begins with a review of the nature and purpose of the applicable statute of limitations, 52-584. Such a statute does not destroy the cause of action to which it applies; it merely bars the remedy or places it in repose. Markham v. Smith, 119 Conn. 355, 359 (1935). Because this type of statute is procedural it is subject to waiver. Diamond National Corporation v. Dwelle, 164 Conn. 540, 543 (1973). So if a party fails to plead the statute, recovery may be had even if the period of limitation has run. Marlin Rockwell Employees Credit Union v. Brown, 3 Conn. Cir. Ct. 569, 571 (1966). In fact, it is error for a trial court to interpose the defense, sua sponte, Ibid. Because the statute must be specially pleaded the court cannot assume at this juncture that it won't be waived. The fact that a cause of action may be potentially unenforceable does not make it any less a cause of action. As such, it is capable of serving as the basis for apportionment of negligence as opposed to liability.
The next step is to determine how this body of law interfaces with the terms of 52-572h. Once a time barred person is made a party, whether pursuant to 52-102 or 52-102a and has a complaint served upon him, that person becomes "a person against whom recovery is sought" within the meaning of 52-572h(b) even though the remedy may subsequently be determined to be barred by the statute of limitations. This is sufficient to enable the trier to include such a defendant in the balancing exercise required by subsection (b). The presence of a time barred defendant would also be consistent with the remaining subsections of the statute. In subsection (c) the legislature has incorporated two different concepts: (i) damages caused by the negligence of more than one party; and (ii) liability assigned only to a party "against whom recovery is allowed". Thus, the intent is that there should first be a determination of the negligence of each party as distinguished from the liability, and second, that only those parties "against whom recovery is allowed" shall be liable to pay the damages. So, the statute recognizes a dichotomy of class, i.e., (i) those who were negligent in their conduct and (ii) those who were not only negligent but also liable because the statute of limitations did not bar recovery.[1]
Subsection (d) maintains the same distinction by making only the "liable" party the numerator of the fraction but making the denominator consist not of other liable parties but "all parties whose negligent actions were proximate cause of the injuries". CT Page 8893 Again, the parties against whom the party to be measured is compared need not be found liable nor the subject of recovery. All that is needed is that they be found negligent. Likewise, subsection (c) preserves the distinction by requiring that the trier determine the percentage of negligence assignable to each party found to have proximately caused the injury. Quite significantly the legislature did not use the term "percentage of liability" for if it had, then a time barred person could not be included in the equation.
A ruling that a time barred person may be made a party defendant in a Tort Reform II case does not end the inquiry. The defendant has requested that the plaintiff be ordered to amend the complaint so as to state a cause of action against Wright and Mathoda and to cause the amended complaint to be served upon them. Clearly, the proper procedure to be employed in adding these defendants is not spelled out either in the General Statutes or in the Practice Book. There are two possibilities. The first is to cite them in under 52-102. The other possibility is that they become third party defendants under the impleader statute, 552-102a. While most judges seem to agree that 52-102 is the proper vehicle they do not agree on how the vehicle should arrive at its destination. Judge Maloney in Howard v. Capellan,2 Conn. L. Rptr. 68 (1990) held that "Sections 52-102 and 52-572h establish statutory scheme to allow a defendant to have a person named as a co-defendant even over the objection of the plaintiff, if that person is potentially liable to the plaintiff". The court found52-102a inapplicable because the defendant sought to add the person in question on the basis that he is or may be liable to the plaintiff not to the defendant. Accord, McKeever v. Papcun, supra.
Judge Fuller reached the same result in Baker v. Franco, supra, but adopted a different procedure. In that case the court indicated that it would permit the plaintiff to serve upon the would be defendant a writ of summons without a complaint. Without complaint, the statute of limitations issue would never arise and the added defendant could therefore have a percentage of his negligence assessed.
Judge Lager has devised her own methodology. In invoking the provisions of 52-102 she stated: . . . "the burden should be on the moving party to cause a copy of the court's order to be served by writ of summons upon the proposed defendants, along with a copy of the plaintiff's complaint and any answer they have filed thereto. The service of process will cause the proposed defendants to become CT Page 8894 parties to the suit. Baker v. Franco, 7 Conn. L. Rptr. at 624, citing Goodrich v. Alfred, 72 Conn. 257, 261 (1899). Further, the moving defendants, if they choose, can amend their answer to the complaint to the negligence of plaintiff's complaint assert the added defendants. If any of the specifications of negligence against the added defendant are then proven, any damages attributed to the moving defendants may be reduced accordingly. The additional defendant[s] [do] not have to plead or attend the trial for [their] percentage of negligence to be considered, but still [have] the option to appear and defend against the claims of negligence. Baker v. Franco, 7 Conn. L. Rptr. at 624"; Tedesco v. Whittelaw,9 Conn. L. Rptr. 5, 149 (June 21, 1993).
A minority of judges have expressed preference for the impleader procedure outlined in 52-102a primarily because such a procedure would obviate any claim for vexatious litigation against the plaintiff. Lombardi v. Johnson, 4 CSCR 386 (1989, Healey, STR), Hinckley v. Whipple, 1 Conn. L. Rptr. 102 (1989, Mack, J.). This court does not share that concern in this case because Wright and Mathoda would be made defendants only pursuant to court order and over the plaintiff's objection. Howard v. Capellan, supra at 69.
The procedure employed must allow a party to seek recovery against a person, so a time barred person having been made a party, can become part of the balancing exercise required by subsection (b). This cannot be accomplished by making the person a defendant without a complaint or by the defendant asserting special defenses against the person because neither approach "seeks recovery". Moreover, why should a plaintiff be forced to allege acts of negligence against a person of whom it is believed was free of negligence? If the defendant believes that persons not parties to the action were negligent and proximate causes he should be made to assume full responsibility for making them parties.
This court perceives that the only practical way in which this can be done consistent with 52-572h is pursuant to 52-102a
because it is only in the context of the allegations of a third party complaint that recovery can be sought against these persons. A complaint drafted by either an unwilling plaintiff or a willing defendant on behalf of the plaintiff does not "seek recovery" within the meaning of subsection (b). Because this court believes that a cause of action even for apportionment purposes cannot be introduced into a case without a complaint (P.B. 130), the proper way to accomplish this is to implead the person under 52-102a. CT Page 8895
In this case it is the defendant who is claiming that time barred persons committed acts of negligence. The defendant is therefore entitled to assert these claims on its own, regardless of the theory: i.e., apportionment of negligence, contribution under subsection (h) or indemnity under subsection (j). With this rationale it is apparent that the defendants here have invoked the wrong statute. Therefore, the motion to cite in additional defendants is denied without prejudice to filing a motion to implead the same persons under 52-102a.