[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE MOTION OF THE DEFENDANT LAIDLAWTRANSIT, INC. FOR SUMMARY JUDGMENT
The plaintiff brought this action as a result of injuries she allegedly sustained in a motor vehicle accident which occurred on August 9, 1989, when she was a passenger in an automobile operated by her husband in a northerly direction on Route 83 in Ellington. The named defendant was operating his automobile southbound on Route 83 when he allegedly lost control of his vehicle and crossed into the northbound lane thereby causing Mr. Suchecki to forcibly apply his brakes to avoid a collision, as a result of which the plaintiff sustained personal injuries.
On March 27, 1992, the defendants filed a motion together with a complaint to cite Laidlaw Transit, Inc. (Laidlaw) as a defendant, in which they alleged that a school bus owned by Laidlaw that was being operated by its employee in the northbound lane of Route 83 crossed into the southbound lane of traffic causing a chain of events which culminated in the injuries sustained by the plaintiff. At the time the motion was argued to the court, the defendants CT Page 5321 asserted that Laidlaw's status as a party was required only for the purpose of apportioning responsibility under § 52-572h of the General Statutes, while Laidlaw opposed the motion on the ground that its joinder as a defendant, even for that limited purpose, was barred by the two year statute of limitations which rendered it "immune from liability" within the meaning of § 52-102, the statute governing joinder.
On June 12, 1992, the court (McWeeny, J.), granted the motion on the ground that "[t]he motion to cite in is the proper method to determine attribution of negligence which may only be done as to parties [under General Statutes § 52-572h(d) and that the] statute of limitations does not create immunity for the purposes of [General Statutes § 52-102]." The defendants' principal argument in opposition to the motion for summary judgment is that the arguments made by Laidlaw in support of its motion are the same as those made before Judge McWeeny in opposition to the motion to cite which were considered and rejected by him, and that his prior decision "becomes the law of the case and is therefore binding upon this court."
There continues to be a split of authority on this court as to whether a person against whom a negligence claim is time-barred may be made a party defendant for the sole purpose of allowing the trier of fact to apportion negligence among those who were actually responsible and to fairly attribute to each party his proportionate share of the negligence. Bushie v. Putzig, 8 CSCR 1277 (October 12, 1993, Mottolese, J.) "Most of the decisions, however, hold that it is proper for time barred persons to be made party defendants so that the legislative intent of § 52-572h that a defendant should only be responsible for his portion of the damages can be carried out." Id.
Where a matter has been previously ruled upon and the same legal issue is subsequently raised in the same case, the court may treat the earlier opinion "as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v. Phelps, 186 Conn. 86,99. It is only when the second judge "becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed [that] he may apply his own judgment." Id. 100.
This court agrees with Judge McWeeny, based on its review of CT Page 5322 the superior court cases decided before and after the date of his ruling, that a motion to bring in additional parties in order to apportion liability between potentially liable defendants is properly made under § 52-102 of the General Statutes as was done by the defendants in this case, and that the allegations of the accompanying "Complaint to Cite In Defendant" identify acts on the part of Laidlaw's driver which are sufficient to show that "there is a reasonable possibility that the proposed defendant was [or may have been] negligent." Baker v. Franco, 7 Conn. L. Rptr. No. 21, 622, 624 (November 25, 1992, Fuller, J.). Moreover, his conclusion that the statute of limitations does not create "immunity" within the meaning of § 52-102 where the sole purpose of such joinder pursuant to that statute is to apportion liability rather than to bring an "action to recover damages for injury to the person" which would ordinarily be barred by § 52-584, is not, in this court's view "clearly erroneous [nor will it] work a manifest injustice if followed . . .". Breen v. Phelps, supra, 100.
At the conclusion of oral argument on the motion for summary judgment, counsel for Laidlaw asked to be excused from attendance at the trial should her motion be denied. The court's response to that request is to refer counsel to Judge Fuller's statement inBaker v. Franco, supra at 624, that "[t]he additional defendant does not have to plead or attend the trial for [its] percentage of negligence to be considered, but still has the option to appear and defend against [the] claims of negligence . . ." if it believes it is in its best interests to do so. See also Seymour v. Carcia,24 Conn. App. 446, 453.
For the foregoing reasons, the motion of the defendant, Laidlaw Transit, Inc., for summary judgment is denied.
Hammer, J.